IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM DAWS TRUCKING, LLC, | ) | CASE NO. 4:24-CV-3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' BRIEF IN** |
| | ) | **SUPPORT OF MOTION TO** |
| DAWS, INC.; JAMES R. DAWS; LANA R. | ) | **DISMISS OR STRIKE** |
| DAWS; DAWS TRUCKING, INC.; and | ) | |
| COLUMBUS TRANSPORTATION & | ) | |
| LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff Jim Daws Trucking, LLC ("JDT") has filed this lawsuit alleging four separate claims, not all of which are alleged against all of the Defendants. Those claims are:

- First Claim: Breach of Contract against Daws, Inc. and Jim Daws (Filing 1, at ECF p. 9)

- Second Claim: Breach of Fiduciary Duty against Jim Daws (Filing 1, at ECF p. 11)

- Third Claim: Tortious Interference against Jim Daws, Daws Trucking, Inc. and Columbus Transportation & Logistics, LLC ("CTL") (Filing 1 at ECF p. 11)

- Fourth Claim: Declaratory and Injunctive Relief against Jim Daws and Lana Daws (Filing 1 at ECF p. 12)

JDT's third claim fails to state a claim for tortious interference against Daws Trucking, Inc. and CTL. Because that is the only claim asserted against those defendants in the Complaint, Daws Trucking, Inc. and CTL should be dismissed as parties from this lawsuit.

In addition, JDT seeks attorney fees and expenses against all Defendants. Attorney fees and expenses are not available under Nebraska law for any of the claims JDT alleges. Accordingly, JDT's request for attorney fees and expenses should be dismissed or stricken.

## MOTION TO DIMISS STANDARD

In *Krei v. Nebraska*, 446 F. Supp. 3d 499, 504 (D. Neb. 2020) (Buescher, J.) this Court set forth the applicable standard of review on a motion to dismiss brought under Rule 12(b)(6):

> A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 192 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).
>
> In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

*Krei v. Nebraska,* 446 F. Supp. 3d 499, 504 (D. Neb. 2020) (Buescher, J.).

Pursuant to Fed.R.Civ.P. 12(f), "the court may strike from a pleading …any…redundant, immaterial, impertinent, or scandalous matter." "The standard of materiality in a Motion to Strike pursuant to Fed.R.Civ.P. 12(f) is a loose one: [the movant] must show that the challenged allegations can have no possible bearing upon the subject matter of the litigation." *Phoenix Properties, LLC v. Biggs*, No. 8:07CV46, 2007 WL 1340635, at *2 (D.Neb., Apr. 10, 2007) (Thalken, M.J.) (citation omitted) "A court possesses liberal discretion when ruling on motions to strike under Rule 12(f)." *Brown v. TA Operating LLC*, No. 8:07CV5017, 2007 WL 2694484, at *1 (D.Neb., Sept. 11, 2007) (Thalken, M.J.) (citing *Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir.2000)).

## ARGUMENT

I. **JDT'S CLAIM FOR TORTIOUS INTERFERENCE FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST DAWS TRUCKING, INC. AND CTL.**

In its third claim, JDT, alleges that Daws Trucking, Inc. and CTL, tortiously interfered with JDT's business relationships and expectancies. But JDT fails to allege any facts supporting this claim.

To state a claim for tortious interference with a business relationship, JDT must plead and prove the following:

(1) the existence of a valid business relationship or expectancy,
(2) knowledge by the interferer of the relationship or expectancy,
(3) an unjustified intentional act of interference on the part of the interferer,
(4) proof that the interference caused the harm sustained, and
(5) damage to the party whose relationship or expectancy was disrupted.

*Thompson v. Johnson,* 910 N.W.2d 800, 806–07, 299 Neb. 819, 828 (2018) "One of the basic elements of tortious interference with a business relationship requires an intentional act which induces or causes a breach or termination of the relationship." *The Lamar Co., LLC v. City of Fremont,* 771 N.W.2d 894, 905–06, 278 Neb. 485, 497 (2009)

3

JDT's complaint is devoid of any facts alleging that Daws Trucking, Inc. or CTL engaged any such tortious activity, nor that anyone terminated their business relationship with JDT because of any action taken by Daws Trucking, Inc. or CTL. Accordingly, the tortious interference claim against them should be dismissed. Because this is the only claim asserted against them, these defendants should be dismissed from the lawsuit.

**A. JDT's tortious interference claim against CTL fails to state a claim.**

In the body of Plaintiff's complaint, CTL is mentioned in only three paragraphs. Paragraph 7 generally alleges that CTL is a Nebraska LLC that brokers freight. (Filing 1 at ECF p. 2, ¶ 7). Paragraph 36(c) alleges:

> On information and belief, Jim intends to operate and is currently operating a competing trucking business or businesses, in violation of the noncompetition provision set forth in the Asset Purchase Agreement, through one or more of the following:
> ***
> c. Through the brokering of freight through CTL.

(Filing 1 at ECF pp. 8-9, ¶ 36(c)). Paragraph 54 alleges, in a threadbare and conclusory fashion: "Jim, Daws Trucking, Inc., and CTL have unjustifiably and intentionally interfered with JDT's business relationships and expectancies." (Filing 1 at ECF p. 11, ¶ 54).

The complaint lacks any factual allegation that JDT had a particular business relationship or expectancy with any business that CTL knew about, that CTL took any action to unjustifiably interfere with that relationship, or that JDT's relationship with this unnamed business suffered damage as a result of any act of interference by CTL. Having failed to allege facts supporting these elements, JDT's tortious

4

interference claim against CTL should be dismissed. *See, e.g.*, *MSSI, Inc. v. J.E. Dunn Construction Company*, Case No. 8:23cv45, 2023 WL 4705902, at *3 (D.Neb. July 24, 2023) (Rossiter, J.) (granting motion to dismiss tortious interference claim where plaintiff failed to allege an unjustified intentional act of interference); *Crabar/GBF, Inc. v. Wright*, No. 8:16cv537, 2019 WL 4016122, at *15 (D.Neb. Aug. 26, 2019) (Gerrard, J.) (granting motion to dismiss tortious interference claim where "Even liberally construed, that allegation is too vague and conclusory to state a claim for relief."); *Kubat Pharmacy, LLC v. Smart-Fill Management Group, Inc.*, No. 8:20cv505, 2021 WL 2188554, at *4 (D.Neb., Apr. 16, 2021) (Rossiter, J.) (granting motion to dismiss tortious interference claim because "Other than stating Smart-Fill's actions were intentional and unjustified, Kubat's complaint is devoid of any allegations that show Smart-Fill intended to interfere with the merger between Kubat and Precipio. A claim based on such conclusory allegations, without more, can not survive a motion to dismiss."); *ACI Worldwide Corp. v. MasterCard Technologies, LLC*, No. 8:14cv31, 2014 WL 7409750, at *8 (D.Neb. Dec. 31,2014) (Smith Camp, J.) (granting motion to dismiss tortious interference claim where "The Amended Complaint does not allege that ACI lost any customers, other than Defendants, nor has ACI alleged facts showing harm caused by Defendants' interference with ACI's relationships in some other way as a result of Defendants' alleged wrongdoing.").

B. **JDT's tortious interference claim against Jim Daws Trucking, Inc. fails to state a claim.**

With respect to Jim Daws Trucking, Inc., JDT alleges:

- Jim Daws Trucking, Inc. is a Nebraska corporation (¶ 5);
- Jim and Lana Daws are the directors and officers of the company (¶ 6);
- Jim directed JDT "to pay to lease three acres for a new business location for Daws Trucking, Inc." (¶ 25(h));
- that "through Daws Trucking, Inc., Jim filed a trademark application for the word mark "Daws Trucking" with the United States Patent and Trademark Office" (¶ 32);
- "On information and belief, Jim has encouraged customers of JDT to curtail, alter, or sever their relationships with JDT and to continue working with him through Daws Trucking, Inc." (¶ 35);
- "Jim intends to operate and is currently operating a competing trucking business or businesses, in violation of the noncompetition provision set forth in the Asset Purchase Agreement, through one or more of the following: a. A trucking business operated by Daws Trucking, Inc., as evidenced by the trademark application referenced above. (¶ 36(a)); and, in a conclusory fashion, that;
- Jim, Daws Trucking, Inc., and CTL have unjustifiably and intentionally interfered with JDT's business relationships and expectancies. (¶ 54).

(Filing 1).

Once again there are no factual allegations that Daws Trucking, Inc. took any action to unjustifiably interfere with JDT's business relationships. A corporation is distinct from its shareholders. While the complaint alleges that Jim took certain actions, there is no allegation that any action taken by Daws Trucking, Inc. resulted in the termination of any such business relationships. As discussed above, a conclusory allegation that Daws Trucking, Inc. interfered with JDT's business relationships is not enough to survive a motion to dismiss. See *MSSI, Inc.* 2023 WL 4705902; *Crabar/GBF, Inc.*, 2019 WL 4016122, at *15 *Kubat Pharmacy, LLC* 2021 WL 2188554; *ACI Worldwide Corp.*2014 WL 7409750, at *8. Accordingly, JDT's tortious interference claim against Daws Trucking, Inc. fails to state a claim.

**C. CTL and Daws Trucking, Inc. should be dismissed as parties.**

6

JDT's tortious interference claim is the only claim asserted against CTL and Daws Trucking, Inc. Because the tortious interference claim fails to state a claim against these two defendants, both should be dismissed as parties from this lawsuit.

## II. JDT'S CLAIM FOR ATTORNEY FEES SHOULD BE DISMISSED OR STRICKEN.

JDT has alleged claims for breach of contract, breach of fiduciary duty, tortious interference with a business relationship, and declaratory and injunctive relief. (Filing 1). In its request for relief, JDT asks this Court to award "its reasonable attorney's fees and expenses incurred in this action." (Filing 1 at ECF p. 13). Attorney fees and expenses are not allowed under any of the claims asserted by JDT in this lawsuit.

Under Nebraska law, which governs this dispute, "A party may recover attorney fees and expenses in a civil action only when a statute permits recovery or when the Nebraska Supreme Court has recognized and accepted a uniform course of procedure for allowing attorney fees." *Eikmeier v. City of Omaha*, 783 N.W.2d 795, 797–98, 280 Neb. 173, 176 (2010). JDT has identified no statute that permits an award of attorney fees. None exists. In addition, there is no recognized and accepted uniform course of procedure of awarding attorney fees and expenses under any of the four claims asserted by JDT. Accordingly, JDT's request for attorney fees and expenses should be dismissed or stricken.

## CONCLUSION

JDT's tortious interference claim against Daws Trucking, Inc. and CTL should be dismissed and those defendants should be dismissed from this lawsuit. JDT's

7

request for attorney fees and expenses should be dismissed or stricken as they are not recoverable under Nebraska law.

DATED this 24th day of October, 2024.

          DAWS, INC., JAMES R. DAWS,
          LANA R. DAWS, DAWS TRUCKING, INC.
          and COLUMBUS TRANSPORTATION &
          LOGISTICS, LLC, Defendants

BY: /s/ *Timothy J. Thalken*
    David C. Mullin, #21985
    Timothy J. Thalken, #22173
    Kristin M. Nalbach, #27125
    FRASER STRYKER PC LLO
    500 Energy Plaza
    409 South 17th Street
    Omaha, NE  68102-2663
    Telephone:  (402) 341-6000
    Facsimile:   (402) 341-8290
    tthalken@fraserstryker.com
    dmullin@fraserstryker.com
    knalbach@fraserstryker.com
    ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1(d), counsel certifies that this brief contains 2,005 words including all text, captions, headings, footnotes, and quotations according to the word count function of Microsoft Word 365.

/s/ *Timothy J. Thalken*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of October, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *Timothy J. Thalken*

3293693v1