**From:** Ryan Burger <ryan@gbecpa.com>
**Sent:** Monday, April 08, 2024 8:48 PM
**To:** Julie Karavas <Julie@jkklegal.com>;
**Cc:** jim@daws-trucking.com
**Subject:** RE: Daws Trucking Inc. SPA and S-Corp. Status Termination

So they could be using it already since there is no S-Corp to dissolve under         5250

**Ryan L Burger, CPA**

---

**From:** Julie Karavas <Julie@jkklegal.com>
**Sent:** Monday, April 8, 2024 3:10 PM
**To:** Ryan Burger <ryan@gbecpa.com>
**Cc:** Jim Daws <jim@daws-trucking.com>
**Subject:** RE: Daws Trucking Inc. SPA and S-Corp. Status Termination

Ryan,

Per CP575A from Jim, 5/21/2002, the EIN for Daws Trucking, Inc. is         5250.

Per Jim, the main purpose of this corp is to own the DOT number, no financial activity. I'll let you follow up with him on that.

Julie M. Karavas
Karavas & Kranz, P.C.

---

**From:** Ryan Burger <ryan@gbecpa.com>
**Sent:** Friday, April 5, 2024 3:20 PM
**To:** Julie Karavas <Julie@jkklegal.com>
**Cc:** Jim Daws <jim@daws-trucking.com>
**Subject:** RE: Daws Trucking Inc. SPA and S-Corp. Status Termination

Daws, Inc.         0473

Daws Trucking, Inc.; No idea. I do not know what this entity is.

---

**From:** Julie Karavas

**Sent:** Friday, April 5, 2024 8:59 AM
**To:** Ryan Burger <ryan@gbecpa.com>
**Cc:** Jim Daws <jim@daws-trucking.com>
**Subject:** RE: Daws Trucking Inc. SPA and S-Corp. Status Termination

Thank you.

Julie M. Karavas
Karavas & Kranz, P.C.

---

**From:** Ryan Burger <ryan@gbecpa.com>
**Sent:** Friday, April 5, 2024 8:58 AM
**To:** Julie Karavas <Julie@jkklegal.com>
**Cc:** Jim Daws <jim@daws-trucking.com>
**Subject:** RE: Daws Trucking Inc. SPA and S-Corp. Status Termination

No concerns. I only care about EIN 0473

**Ryan L Burger, CPA**

---

**From:** Julie Karavas <Julie@jkklegal.com>
**Sent:** Friday, April 5, 2024 9:52 AM
**To:** Ryan Burger <ryan@gbecpa.com>
**Cc:** Jim Daws <jim@daws-trucking.com>
**Subject:** RE: Daws Trucking Inc. SPA and S-Corp. Status Termination

Thanks, Ryan.

One more question – what if it is Daws Trucking, Inc. that has the DOT number and needs to be "closed" – same concern?

Julie M. Karavas
Karavas & Kranz, P.C.

---

**From:** Ryan Burger <ryan@gbecpa.com>
**Sent:** Thursday, April 4, 2024 10:10 PM
**To:** Julie Karavas <Julie@jkklegal.com>
**Cc:** Jim Daws <jim@daws-trucking.com>
**Subject:** RE: Daws Trucking Inc. SPA and S-Corp. Status Termination

I don't know Daws Trucking Inc vs Daws Inc

I also don't ACTUALLY know what EIN is tied to the DOT number … Jim or Tony Glenn would have that information

The only thing I really know is closing EIN **-***0473 as an S-Corp (Daws Incorporated) is not an ideal tax situation

**Ryan L Burger, CPA**

---

**From:** Julie Karavas <Julie@jkklegal.com>
**Sent:** Thursday, April 4, 2024 4:26 PM
**To:** Ryan Burger <ryan@gbecpa.com>
**Cc:** Jim Daws <jim@daws-trucking.com>
**Subject:** FW: Daws Trucking Inc. SPA and S-Corp. Status Termination

Ryan,

See below – highlight.  Before I respond that the EIN of the entity to which the DOT number is assigned, is Daws, Inc., I want to make sure that you have documentation that supports my response.    No idea where/how Rick got such confirmation?!

Julie M. Karavas
Karavas & Kranz, P.C.

---

**From:** Tomasz Lewczykowski <tlewczykowski@rfclaw.com>
**Sent:** Thursday, April 4, 2024 12:13 PM
**To:** Julie Karavas <Julie@jkklegal.com>
**Cc:** Patrick Clancy <pclancy@rfclaw.com>; Nicholas Harned <nharned@rfclaw.com>; Jay Rock <JRock@rfclaw.com>
**Subject:** Re: Daws Trucking Inc. SPA and S-Corp. Status Termination

Hello Julie,

Regarding your email earlier this week, I believe there was some confusion regarding what we are trying to accomplish with the stock purchase. The SPA is for the shares of Daws Trucking, Inc. and not Daws Inc. They are separate companies, and ==Rick was able to confirm that the DOT number is with Daws Trucking, Inc==. It is also our understanding that Daws Trucking has no other assets besides the DOT number and that the company pays no taxes besides a fuel tax under the IFTA, so terminating the company's S-corporation status should not create any tax consequences under those circumstances. If there is any additional information regarding this company that would suggest that it is generating income or operating in a manner that would give rise to any tax implications upon terminating its S-corporation status, please let us know.

Consequently, absent any information that would suggest potential tax consequences from terminating Daws Trucking's (not Daws Inc.) status as an S-corporation, we are adamant that any purchase price or consideration should be nominal, as we are simply remedying the issue of the DOT number's non-transferability, and the DOT number is explicitly mentioned as being a part of the transaction in the earlier APA.

I think it may be best to schedule a phone call so that we can discuss any potential outstanding item and clarify any points so that we can resolve this ongoing issue. Please let us know what your availability looks like for tomorrow or early next week, and once we have decided on a day and time, we will circulate a call-in number. We look forward to hearing from you.

Tom Lewczykowski

**Rock Fusco & Connelly, LLC**

333 W Wacker Drive, 19th Floor

Chicago, Illinois 60606

(d) 312-777-4086

tlewczykowski@rfclaw.com

---

**From:** Julie Karavas <Julie@jkklegal.com>
**Sent:** Tuesday, April 2, 2024 11:55 AM
**To:** Tomasz Lewczykowski <tlewczykowski@rfclaw.com>
**Cc:** Julie Karavas <Julie@jkklegal.com>
**Subject:** RE: Daws Trucking Inc. SPA and S-Corp. Status Termination

Tom,

Good day.   We share this response with you after conversation with Jim and Lana Daws' CPA.  As you are aware, Jim and Lana Daws ("Daws") are the shareholders of Daws Inc, a Nebraska corporation, taxed as an S-corporation ("Daws, Inc.").   Both your clients and my clients are appreciative of the DOT number issue, and all can agree that your clients would like to have the Daws, Inc. DOT number simply transferred to them, my clients have another perspective that is necessary to consider.

The 2022 transaction was an asset sale.  Specifically, Daws, Inc. sold assets to Jim Daws Trucking, LLC.     Daws remain the sole shareholders Daws, Inc.  Daws need to keep the S-Corporation status open for Daws, Inc..  Termination of the Daws, Inc.  S-Corp, would result in an estimated $500k of "phantom income" based on Fair Market Value of assets retained in the S-Corp. These assets would need to be 'distributed' upon termination of S-Corp. This may generate upwards of $180k in unnecessary income taxes for Jim and Lana.

However, if your client would be willing to pay an amount to offset the income tax liability to Daws, and/or payoff the $2.8 M note owed to Daws, Inc., my clients are willing to negotiate specific terms for such a sale, to result in a transfer of the DOT number.  Absent payment from your client to offset the tax liability Daws would incur, it is in their best interest to continue to own the stock and maintain the S-Corp status.

Point – Daws do not object to the transfer of the DOT number; rather, they don't want to incur (unreimbursed) income tax liability because of such a transfer.

Let me know if your client is willing to negotiate a plan that will allow the transfer of the DOT number and compensate Daws so they will not need to solely pay for the resulting income tax liability.

Thanks – I look forward to your response.

Best regards,

Julie M. Karavas
Attorney at Law, LLM-Tax

Karavas & Kranz, P.C.

720.943.1095 CO telephone

308.946.3071 NE telephone

308.946.2503 facsimile

julie@jkklegal.com

www.jkklegal.com

Offices in Colorado and Nebraska

*This transmission (and/or the documents attached) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege and the Electronic Communication Privacy Act, U.S.C. Section 2510-2521. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution, or the taking of any action in reliance on the contents of this information, is strictly prohibited. While precautions are taken against computer viruses, it is your responsibility to scan for their presence and we accept no liability or responsibility therefore. If you have received this transmission in error, please notify us immediately by telephone at 308-946-3071. TAX ADVICE DISCLAIMER: Under applicable U.S. Treasury Regulations, we are required to inform you that any U.S. tax advice contained in this email or any attachment hereto is not intended or written to be used, and cannot be used, either (i) for purposes of avoiding penalties imposed under the U.S. Internal Revenue Code, or (ii) for promoting, marketing, or recommending to another party any tax-related matter addressed herein.*

**From:** Tomasz Lewczykowski <tlewczykowski@rfclaw.com>
**Sent:** Wednesday, March 27, 2024 10:55 AM
**To:** Julie Karavas <Julie@jkklegal.com>
**Cc:** Rick Fernandez <RickF@rdtintermodal.com>; Ricky Fernandez <r.d.fernandez2@gmail.com>; Jim Daws <jim@daws-trucking.com>; Jay Rock <JRock@rfclaw.com>; Nicholas Harned <nharned@rfclaw.com>; Patrick Clancy <pclancy@rfclaw.com>
**Subject:** Daws Trucking Inc. SPA and S-Corp. Status Termination

Hello Julie,

I hope this email finds you well. After speaking with Rick and the DOT official regarding how to best handle the DOT number issue, we have decided that a stock purchase by Jim Daws Trucking LLC for Jim and Lana's shares would best serve the intent of all parties. That way, we can file Articles of Amendment with the Secretary of State to show the change in ownership and then present it to the DOT. Please see the attached SPA draft, which includes lost certificate affidavits for Jim and Lana in the event no stock certificates were ever issued, for your review.

One outstanding item that we would need to address before proceeding is the termination of the corporation's S-corporation status. Jim Daws Trucking LLC will be the purchaser under this agreement, and we will need Jim to file the necessary forms with the IRS to terminate the corporation's S-corporation status in order to proceed. Once we have confirmation from the IRS that the corporation's tax status has changed, we can move forward.

Please let us know if you have any questions, or whether you would like to schedule a call to discuss.

Tom Lewczykowski

**Rock Fusco & Connelly, LLC**

333 W Wacker Drive, 19th Floor

Chicago, Illinois 60606

(d) 312-777-4086

tlewczykowski@rfclaw.com