| | |
|---|---|
| **From:** | Thalken, Timothy |
| **To:** | Andre R. Barry |
| **Cc:** | Henry L. Wiedrich; Mullin, David; Nalbach, Kristin |
| **Subject:** | October 25, 2024 Letter |
| **Date:** | Monday, October 28, 2024 10:49:54 AM |

Andy,

We're in receipt of your letter dated October 25, 2024 relating to an e-mail sent on October 24, 2024 by Jeremy Becker to Jim Daws. Your letter falsely states "In the email, Mr. Becker describes a plan to operate a trucking business with Jim and other former employees of JDT, including 'Corey' and "Renee," presumably Corey Stull and Ranae Muencrath." The e-mail states no such thing. The e-mail from Mr. Becker clearly states "3) Tell me more about how you see **ownership among Renee, Corey, and myself**." (emphasis added). The e-mail does not state that Jim will have any ownership in whatever business Mr. Becker, Renee, and Corey are planning. To be clear, neither Jim nor Lana, nor any of their companies, will have an ownership in whatever business Mr. Becker is planning and they have not received, nor will they receive, any payment relating to that business. In the words of the APA, they are not, and will not be, an "owner, part owner, manager, operator, employee, agent or other participant" in whatever business Mr. Becker starts, if he does so. The reality is Jim has known Mr. Becker for decades. Mr. Becker is thinking about starting his own business, and as the e-mail clearly shows, Mr. Becker asked Jim for some general tips such as in Jim's experience with would it be better for Mr. Becker's new company to finance the purchase of truck through the manufacturer or a bank. That is hardly competition with JDT.

Your letter again highlights how the non-compete agreement in the APA, or at least JDT's broad interpretation of it, is unenforceable as an unreasonable covenant under *Presto-X-Company v. Beller*, 568 N.W.2d 235, 241, 253 Neb. 55, 65 (1997). A Non-compete that is greater than reasonably necessary to protect JDT's legitimate business interests is void against public policy. Is it JDT's position that the Non-compete prevents Jim from even speaking with an old friend who is considering starting his own company about Jim's experience in the trucking industry and provide that friend with advice for no payment? Is it also JDT's position that the Non-compete prevents Jim, or any company in which Jim has an ownership interest, from leasing real estate to a third party who is engaged in a trucking business?

Even if the Non-Compete were enforceable, based on your letter it would not appear to apply to the facts of this situation. The Non-Compete in the APA is limited to situations where JDT "carries on a like business in such area." Your letter states that Mr. Becker's plan involves a business "using refrigerated trailers to haul products for Sustainable Beef." Because JDT exclusively ran flatbed trailers that primarily hauled agricultural and construction equipment, a niche market, running refrigerated trailers to haul beef would not be in competition with JDT.

As you know, earlier this year Rick and Jim were unable to come to an agreement on the terms of a buy back. Unable to reach an agreement, JDT's lawsuit appears to be designed to try to force Jim to pay more than market value to re-purchase the assets to settle the lawsuit. Following up on our earlier discussion from about a week ago, we have discussed potential resolutions with Jim, and I want to be clear that Jim has no interest in re-purchasing the assets sold under the APA. He's seventy years old and is moving on with his life. He wants the approximately $2.5 million that JDT still owes Daws, Inc. and wants to work to amicably to separate the companies which is in both of our client's best interests, including the return of the data relating to Jim's other companies which JDT appears to be holding hostage to try to gain some sort of leverage over Jim.

-Tim

**Timothy J. Thalken**
Attorney
**DIRECT:** 402.978.5285
**EMAIL:** tthalken@fraserstryker.com    Visit my bio



Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.