IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JIM DAWS TRUCKING, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DAWS, INC., JAMES R. DAWS, LANA R. DAWS, DAWS TRUCKING, INC., and COLUMBUS TRANSPORTATION & LOGISTICS, LLC,<br><br>Defendants. | 4:24CV3177<br><br>**MEMORANDUM AND ORDER** |

     This matter is before the Court on Plaintiff Jim Daws Trucking, LLC's ("JDT") Motion for Temporary Restraining Order (Filing No. 17) and JDT's Motion for Expedited Discovery (Filing No. 20). A hearing on these motions was held before the undersigned on October 30, 2024.[1]

     Having reviewed and considered the record, the submitted materials, the evidence produced at the hearing, and the arguments of counsel, and for the reasons stated upon the record during the hearing, the Court will grant JDT's motion for a temporary restraining order, in part, and order expedited discovery, as set forth below.

**IT IS ORDERED:**

     1.    Plaintiff's motion for a temporary restraining order is granted, in part. Jim Daws, and anyone acting on his behalf or in concert with him, shall not engage in the business of trucking

---

[1] Plaintiff's Motion for a Preliminary Injunction, which is also contained in Filing No. 17, remains pending and will be ruled upon at a later date.

in the continental United States of America, which includes the venture described in Jeremy Becker's emails to Jim on July 23, 2024 and October 22, 2024. Jim Daws also may not provide any other company advice as to how to operate a trucking company. Jim Daws may, however, continue to operate his other companies that were in existence at the time the Asset Purchase Agreement was executed, which include: Columbus Transportation & Logistics, LLC; Loyal Trucking, LLC; JLD Truck Lines, LLC; and J&L Trucking LLC. Jim Daws may also lease his real estate to whomever he deems appropriate but if it is leased to a trucking company, Jim Daws may not provide the company any advice as to how to operate their trucking company. The temporary restraining order will remain in effect until the Court rules on JDT's request for a preliminary injunction.

2. The Motion for Temporary Restraining Order is otherwise denied.

3. Pursuant to Federal Rule of Civil Procedure 65(c), the Court requires Plaintiff to post a cash or surety bond with the Clerk of Court in the amount of $1,000.

4. Plaintiff's Motion for Expedited Discovery (Filing No. 20) is granted. The parties shall confer and submit a proposed progression schedule for production of discovery and briefing on the motion for preliminary injunction to the Court by November 4, 2024.

Dated this 30th day of October, 2024.

BY THE COURT:

Susan M. Bazis
United States District Judge