IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM DAWS TRUCKING, LLC, | ) | CASE NO. 4:24-CV-3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' REPLY BRIEF** |
| | ) | **IN SUPPORT OF MOTION TO** |
| DAWS, INC.; JAMES R. DAWS; LANA R. | ) | **DISMISS OR STRIKE** |
| DAWS; DAWS TRUCKING, INC.; and | ) | |
| COLUMBUS TRANSPORTATION & | ) | |
| LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

In its brief in opposition, Jim Daws Trucking, LLC ("JDT"), confirms that its tortious interference claim against Daws Trucking, Inc. and Columbus Transportation & Logistics, LLC ("CTL"), is nothing more than an attempt to impose tort liability on these separate companies for an alleged breach of a contractual non-compete by Jim Daws. This is not allowed under Nebraska law, and Daws Trucking, Inc. and CTL should be dismissed.

JDT also does not dispute that there is no statute or uniform course of procedure authorizing an award of attorney fees in this case. Unable to articulate any legal basis for an award of attorney fees, JDT simply argues that it is "premature" to dismiss its legally deficient claim. Because there is nothing that could develop in this lawsuit authorizing an award of attorney fees to JDT, the issue is ripe, and JDT's attorney-fee claim should be dismissed or stricken.

## ARGUMENT

**I.    JDT'S CLAIM FOR TORTIOUS INTERFERENCE FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST DAWS TRUCKING, INC. AND CTL.**

### A. JDT's complaint fails to state a claim for Tortious Interference against Daws Trucking, Inc. and CTL.

As JDT's opposition brief makes clear, its tortious interference claim against Daws Trucking, Inc. and CTL is nothing more than an improper backdoor attempt to impose an alleged contractual non-compete obligation of Jim Daws onto these separate companies through a tort action. JDT's theory runs afoul of Nebraska law. Nebraska courts have long "recognized that if an action is not maintainable without pleading and establishing the contract, if the gist of the action is the breach of the contract, either by malfeasance or nonfeasance, it is in substance, whatever may be the form of the pleading, an action on the contract." *Fuchs v. Parsons Constr. Co.,* 166 Neb. 188, 193, 88 N.W.2d 648, 652 (1958).

JDT contends that Daws Trucking, Inc. and CTL are tortiously interfering with JDT's business relationships because Jim Daws is violating his contractual non-compete by owning Daws Trucking, Inc. and CTL. For example, JDT argues "DTI is currently being used in the business of trucking **in violation of the noncompete**, and CTL is being used to broker freight to other companies owned by Jim, also **in violation of the noncompete**." (Filing 31 at ECF p. 8) (emphasis added). JDT argues that Jim Daws is using Daws Trucking, Inc. and CTL "in violation of the noncompete obligations he [Jim Daws] undertook." (Filing 31 at ECF p. 8). Thus, the

gist of JDT's tortious interference claims against Daws Trucking, Inc. and CTL is Jim Daws violated his contractual non-compete.

Absent the contractual non-compete clause, to which Daws Trucking, Inc. and CTL are not parties, there is no question that Daws Trucking, Inc. and CTL could operate their separate businesses. Thus, it is apparent JDT is attempting to impose the alleged contractual non-compete clause onto Daws Trucking, Inc. and CTL by converting that contractual claim against Jim Daws into a tortious interference claim against Daws Trucking, Inc. and CTL. This is improper. *See, e.g.*, *Nathan v. McDermott*, 945 N.W.2d 92, 107, 306 Neb. 216, 233 (2020) (explaining that where an alleged tort claim arises from the "same factual basis" as a contract claim, the tort claim must fail); *Cimino v. FirsTier Bank, N.A.*, 530 N.W.2d 606, 612, 247 Neb. 797, 805 (1995) (tort claims grounded in a contract are "resolved in favor of an action on contract").

It is clear that JDT's beef is with Jim Daws, not Daws Trucking, Inc. or CTL which are separate companies. Nebraska recognizes a separate corporate existence between a shareholder and a company and members and an LLC. *See, e.g.*, Neb. Rev. Stat. § 21-104(a) ("A limited liability company is an entity distinct from its members."); *Alpha Wealth Advisors, LLC v. Cook*, 983 N.W.2d 526, 533, 313 Neb. 237, 245 (2023) (same). Subjecting a corporation or LLC to liability for its shareholders' or members' alleged violations of a non-compete through a tortious interference claim—like JDT is attempting to do here—would eviscerate the corporate form.

3

For example, JDT states that "The Complaint alleges that **Jim** has sowed discontent with drivers, encouraged mass defection of drivers, has encouraged customers to curtail, alter, or sever their relationships with JDT, and has encouraged drivers to stop working for JDT." (Filing No. 31 at ECF p. 9) (emphasis added). JDT does *not* allege that Daws Trucking, Inc. or CTL sowed discontent with drivers, encouraged mass defection of drivers, encouraged customers to curtail, alter, or sever their relationships with JDT, nor encouraged drivers to stop working for JDT.

JDT cites to only two specific allegations that relate to Daws Trucking, Inc. or CTL in its entire complaint, neither of which state a claim for tortious interference. First, JDT alleges that Jim Daws directed Daws Trucking, Inc. to "appl[y] for federal trademark registration of the trade name 'Daws Trucking.'" (Filing 31 at ECF p. 4). But the mere act of applying for a federal trademark does not tortiously interfere with a business expectancy or relationship of JDT. JDT has not alleged any facts showing how Daws Trucking Inc. applying for a trademark for Daws Trucking caused the breach or termination of any business relationship with JDT, a necessary element to state a tortious interference claim. *See The Lamar Co., LLC v. City of Fremont,* 771 N.W.2d 894, 905–06, 278 Neb. 485, 497 (2009) ("One of the basic elements of tortious interference with a business relationship requires an intentional act which induces or causes a breach or termination of the relationship.")

Second, JDT alleges that through Daws Trucking Inc. and CTL, Jim Daws is operating a competing trucking business "in violation of the noncompete." (Filing 31 at ECF p. 5). But again, these allegations relate to Jim Daws' actions relative to the

non-compete, which doesn't bind Daws Trucking, Inc. or CTL. *See Nathan, 945 N.W.2d at 107*. JDT's remedy, if any, for a violation of the contractual non-compete is a breach of contract claim against Jim Daws, not a tortious interference claim against Daws Trucking, Inc. or CTL.

JDT admits it hasn't identified a single instance where the actions of Daws Trucking, Inc. or CTL caused the breach or termination of a relationship with JDT. Instead, JDT argues that "This case is at the pleading stage, not the proving stage." (Filing 31 at ECF p. 6 quoting *Infogroup, Inc. v. DatabaseLLC,* 95 F. Supp. 3d 1170, 1196 (D. Neb. 2015). But under *Twombly*, the pleading stage requires facts, not legal conclusions. *Bell Atlantic Corp. v. Twombly,* 1550 U.S. 544, 555 (2007) (courts are "not bound to accept as true a legal conclusion couched as a factual allegation"). JDT can't identify a single business relationship that Daws Trucking, Inc. or CTL caused to be breached or terminated, which speaks volumes about JDT's tortious interference claim against those separate entities.

### B. JDT's request to file an amended complaint should be denied and Daws Trucking, Inc. and CTL should be dismissed with prejudice.

JDT states that it "is prepared to allege additional facts to support its claims against DTI and CTL…." in an amended pleading. (Filing 31 at ECF p. 2, 11). This informal and unsupported request is not a proper motion to amend and should be rejected. *See Wolgin v. Simon,* 722 F.2d 389, 394 (8th Cir. 1983) (concluding that a request for leave to amend in a brief opposing a motion to dismiss should not "be construed as a motion for leave to amend"). This Court requires that requests to amend a pleading be made by written motion, accompanied by "an unsigned copy of

5

the proposed amended pleading that clearly identifies the proposed amendments."
*See* NECivR 15.1(a); *see also* Ritchie Capital Management, L.L.C. v. JP Morgan Chase
& Co., 960 F.3d 1037, 1054 (8th Cir. 2020) (upholding the denial of an informal request
for leave to amend in an opposition brief because the movant "failed to submit a
motion to amend or indicate what a proposed amended pleading would have stated").

JDT has not submitted a proposed amended complaint nor indicated what such
an amended pleading would have stated. JDT's unsupported last-ditch effort at
saving its deficient tortious interference claim against Daws Trucking, Inc. and CTL
should be rejected, and its claim against them should be dismissed with prejudice.
*See, e.g.,* Wells by and through Glover v. Creighton Preparatory School, No.
8:21CV322, 2022 WL 2289673, at *4 (D.Neb. May 25, 2022) (Rossiter, J.) *aff'd*, 82
F.4th 586 (8th Cir. 2023) (dismissing plaintiff's claims with prejudice because his
conditional request for leave to amend the complaint failed to comply with local
rules).

JDT's complaint is devoid of any facts alleging that Daws Trucking, Inc. or CTL
engaged in any tortious activity, nor does JDT sufficiently allege that anyone
terminated their business relationship with it because of any action taken by Daws
Trucking, Inc. or CTL. Accordingly, the tortious interference claim against them
should be dismissed. Because this is the only claim asserted against Daws Trucking,
Inc. and CTL, these defendants should be dismissed from the lawsuit, with prejudice.

## II. JDT'S CLAIM FOR ATTORNEY FEES SHOULD BE DISMISSED OR STRICKEN.

Nebraska law is crystal clear that "A party may recover attorney fees and expenses in a civil action only when a statute permits recovery or when the Nebraska Supreme Court has recognized and accepted a uniform course of procedure for allowing attorney fees." *Eikmeier v. City of Omaha*, 783 N.W.2d 795, 797–98, 280 Neb. 173, 176 (2010). JDT does not dispute this black letter law in its brief. Nor does JDT cite to any statute or uniform course of procedure that would authorize an award of attorney fees in this case. JDT admits that "attorney fees are not generally available under Nebraska law." (Filing 31 at ECF p. 12). JDT does not dispute that there is no legal basis for the Court to award it attorney fees in this case, but it argues instead that the Court shouldn't dismiss or strike its legally deficient claim.

Relying on *Valley Boys, Inc. v. State Farm Fire and Casualty Company*, No. 8:15cv175, 2015 WL 13101921, at *1 (D.Neb. Oct. 13, 2015) (Bataillon, J.), JDT argues that it is "premature" to dismiss its claim for attorney fees. (Filing 31 at ECF p. 12). But *Valley Boys* is easily distinguishable. That case involved a breach of an insurance contract claim for which there was an *express* statutory authorization for attorney fees. *See* Neb. Rev. Stat. § 44-359 ("In all cases when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy…the court, upon rendering judgment against such company, person, or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his or her recovery…."). In contrast, JDT does not cite to any statutory basis or uniform

7

course of procedure that would entitle it to attorney fees for the claims it asserts in this case. None exist.

While JDT contends that a motion to strike its attorney fees claim is "premature," it does not attempt to identify what additional facts could entitle it to attorney fees for the claims asserted in this case. JDT fails to provide any legitimate reason for the Court to delay ruling on the propriety of JDT's attorney fee request. In analogous cases involving punitive damages, which are also not recoverable under Nebraska law, this Court has rejected the argument that striking a legally deficient claim for punitive damages is premature.

> Although Plaintiffs assert Defendants' motion to strike is premature, it is not clear to the court what additional evidence could be found in discovery that would outweigh Nebraska's "clear constitutional prohibition" against punitive damages. In light of the foregoing, the court finds Nebraska law applies to Plaintiffs claims, including their claim for punitive damages, which are prohibited by the Nebraska constitution. Accordingly, the court will strike Plaintiffs' claim for punitive damages from the amended complaint's prayer for relief and from paragraph 22, as well as specific references to California law in paragraphs 22, 27, 32, and closing prayer.

*Vanicek Lyman-Richey Corporation v. Kratt*, No. 8:21cv49, 2021 WL 4196969, at *3 (D.Neb. Sep. 15, 2021)(Nelson, M.J.). Multiple judges of this Court have held that a dismissing or striking allegations asserting claims for relief that have no basis in law are appropriate remedies. *See, e.g., Trimble v. Helwig*, No. 7:19cv5015, 2020 WL 2850047, at *7 (D.Neb. June 2, 2020) (Buescher, J.) ("Applying Nebraska law, punitive damages are prohibited. Accordingly, the Court will strike Trimble's claim for punitive damages."); *Haget v. Boston Scientific Corporation*, No. 8:21cv440, 2022 WL 1156357, at *1 (D.Neb. Apr. 19, 2022) (Rossiter, J.) (adopting recommendations

8

of Magistrate Judge Zwart to strike claim for punitive damages "because Haget cannot recover punitive damages in this case under Nebraska law."); *Walker v. City of Fremont*, Case No. 8:19cv356, 2020 WL 1510177, at *2 (D.Neb. Mar. 30, 2020) (Bataillon, J.) (granting motion to strike claim for punitive damages); *Spanel v. Central Community College*, No. 8:18cv380, 2019 WL 13081559, at *2 (D.Neb. Apr. 22, 2019) (Rossiter, J.) (striking claim for punitive damages); *Gorji v. C.R. Bard, Inc.*, No. 4:21cv3134, 2022 WL 597334, at *6 (D.Neb. Feb. 28, 2022) (M.J. Nelson); *Harmel v. Terry Hughes Tree Service, Inc.*, No. 8:18cv401, 2018 WL 6573153, at *2 (D.Neb. Dec. 13, 2018) (Smith Camp, J.) ("The request for punitive damages in Plaintiff Kayleen Harmel's Complaint is stricken."); *Factory Mut. Ins. Co. v. Nebraska Beef, Inc.*, No. 8:09cv159, 2009 WL 2886315, at *3 (D.Neb. Sep. 2, 2009) (Thalken, M.J.) ("The plaintiff's Motion to Strike Request for Punitive Damages Pursuant to Fed.R.Civ.P. 12(f) (Filing No. 12) is granted.").

Here, there is no statute that allows for an award of attorney fees for the claims asserted by JDT in this case, so nothing can be developed to establish a right to attorney fees by statute. Similarly, whether a uniform course of procedure exists is determined by the state of the law in 1980. *See City of Falls City v. Nebraska Mun. Power Pool*, 795 N.W.2d 256, 260, 281 Neb. 230, 235 (Neb., 2011) ("We acknowledge that a 'uniform course of procedure' which did not exist in 1980 could never develop under the principle we have applied since then."). Because in 1980 there was no uniform course of procedure authorizing an award of attorney fees for the claims

asserted by JDT in this case, no uniform course of procedure can develop in the future authorizing an award of attorney fees to JDT for the claims asserted in this case.

In summary, there's nothing that could develop in this lawsuit that could entitle JDT to an award of attorney fees for the claims it has asserted. The issue of whether JDT can recover attorney fees for the claims it asserts is ripe. Defendants are entitled to an order confirming that JDT is not entitled to attorney fees for the claims it has asserted as a matter of law.

JDT cites to *Infogroup, Inc. v. DatabaseLLC*, 95 F.Supp.3d 1170, 1194 (D.Neb., 2015), claiming that motions to strike "are often considered 'time wasters.'" (Filing 31 at ECF p. 12). But JDT omits the remaining part of the Court's sentence. The entire sentence reads: "Motions to strike are often considered 'time wasters,' and should be denied **unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy.**" *Id*. (emphasis added). Here, JDT's claim for attorney fees, which are not authorized by statute or uniform course of procedure under Nebraska law, and are therefore not recoverable, has no possible relation or logical connection to the subject of JDT's claims.

Defendants' motion is not a time waster. This is likely to be expensive litigation for both sides. Prior to suit, JDT used the threat of it recovering its attorney fees in an attempt to strong-arm Defendants. Before both parties expend significant amounts in attorney fees relating to the claims asserted by JDT, all parties need to know at the outset that JDT cannot recover attorney fees for the claims it has asserted, so that all parties approach this litigation based on this legal reality. *See*

*Stewart v. Bennett,* 727 N.W.2d 424, 429, 273 Neb. 17, 22 (2007) (citing 20 Am.Jur.2d *Costs* § 55 (2005) (explaining the "purpose of American rule requiring each party to bear own costs in litigation is to avoid stifling legitimate litigation by threat of specter of burdensome expenses being imposed on unsuccessful party")).

Because JDT is not entitled to recover attorney fees for any of the claims it has asserted in this case, its claim for attorney fees should be dismissed or stricken.

## CONCLUSION

JDT's tortious interference claim against Daws Trucking, Inc. and CTL is nothing more than an improper back door attempt to convert its breach of contract claim against Jim Daws into a tort claim against Daws Trucking, Inc. and CTL. Because JDT hasn't alleged facts establishing that Daws Trucking, Inc. and CTL tortiously interfered with JDT's business relationships or expectancies, that claim should be dismissed, with prejudice, against Daws Trucking, Inc. and CTL. JDT's informal and unsupported claim that it has "additional facts" to assert in an amended complaint rings hollow and is an improper request for leave to amend under the local rules.

JDT does not dispute that it has failed to identify any statute or uniform course of procedure that authorize an award of attorney fees for the claims it asserts. Instead, JDT asks this Court to delay dismissing its attorney fee claim for no apparent reason, other than perhaps to continue using the threat of attorney fees as leverage against Defendants. As a matter of law, JDT is not entitled to attorney fees and that claim should be dismissed or stricken without delay.

11

DATED this 20th day of November, 2024.

<div style="margin-left: 40%;">

DAWS, INC., JAMES R. DAWS,
LANA R. DAWS, DAWS TRUCKING, INC.
and COLUMBUS TRANSPORTATION &
LOGISTICS, LLC, Defendants


BY: /s/ *Timothy J. Thalken*
    David C. Mullin, #21985
    Timothy J. Thalken, #22173
    Kristin M. Nalbach, #27125
    FRASER STRYKER PC LLO
    500 Energy Plaza
    409 South 17th Street
    Omaha, NE  68102-2663
    Telephone:  (402) 341-6000
    Facsimile:   (402) 341-8290
    tthalken@fraserstryker.com
    dmullin@fraserstryker.com
    knalbach@fraserstryker.com
    ATTORNEYS FOR DEFENDANTS

</div>

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d), counsel certifies that this brief contains 3,166 words including all text, captions, headings, footnotes, and quotations according to the word count function of Microsoft Word 365.

/s/ *Timothy J. Thalken*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *Timothy J. Thalken*

3312063.05