# ASSET PURCHASE AGREEMENT

> **EXHIBIT**
> **A**

**PARTIES**

**Daws Incorporated**, a Nebraska corporation (hereafter referred to as "Seller"); and **Jim Daws Trucking, LLC**, a Nebraska limited liability company (hereafter referred to as "Buyer').

**RECITALS**

A. Seller owns and operates a trucking company specializing in hauling over the road flatbed freight, commonly known as Daws Trucking located at 758 280th, Milford, Nebraska 68405 (hereafter referred to as the "Business").

B. Seller desires to sell the Business as a going concern, and Buyer desires to purchase the Business and the property and assets thereof, subject of certain its liabilities.

THEREFORE, IT IS AGREED as follows:

1. **Purchase and Sale.** Buyer hereby purchases from Seller and Seller sells to Buyer on the terms and conditions hereinafter set forth, the certain personal property, as there is no real property included in this transaction (hereafter referred to as the "Business Assets"), described as follows:

a.  All of the cash and accounts receivable of the business on the date of Closing, except for the sum of Four Million Dollars ($4,000,000.00) in cash, which shall be retained by Seller.  In turn, Seller will service the debt on approximately Two Million Dollars ($2,000,000.00) in existing equipment bank loans and cause said debt to be retired within sixty (60) days after Closing;

b.  All of the inventory, machinery, and equipment of the Business as determined by a complete inventory and accounting of such inventory, machinery, and equipment and depreciation schedule to be taken by the parties hereto as of the Closing;

c.  All of the fixtures and other tangible assets of the Business as shown on the financial statements of the Business prepared as of January 1, 2022 and April 30, 2022, annexed hereto as Exhibit A and made a part hereof (hereafter referred to as the "Financial Statements");

d.  The trade, business name, goodwill, and all other intangible assets of the Business, including but not limited to Business's US DOT Number (hereinafter referred to as the "DOT Number") and Motor Carrier number (hereafter referred to as the "MC Number") and all other assets of the Business whether described herein or not; subject, however, to all of the liabilities of the Business as shown on the Financial Statements, excepting only contingent product and service warranty claims and unpaid income and employment tax liabilities.

2. **Purchase Price.** Buyer shall pay to Seller, as the total purchase price for the Business Assets, the total principal sum of Twelve Million Dollars ($12,000,000.00) as follows:

a.    The sum of Eight Million Dollars ($8,000,000.00) in cash; and

b. One Promissory Note in the sum of Four Million Dollars ($4,000,000), bearing interest at the rate of three percent (3.00%) per annum, with the interest payable annually and the balance of all interest and principal payable on terms according to the bank covenant, commencing May 31, 2022; and

The Promissory Note referred to in paragraph 2(b) (hereafter referred to as the "Note") shall be secured as hereinafter provided and shall be in the form that is annexed hereto as Exhibits B and made a part hereof.

3. **Real and Personal Property Taxes.** Seller shall pay all real and personal property taxes and assessments that are on Closing a lien against the Business Assets, and any of them, not yet due or payable, prorated to the date of Closing.

4. **Liabilities; Sales Tax.** As a material part of the consideration for the sale of the Business, Buyer shall assume and pay all of the trade liabilities of the Business as shown on the Financial Statements, excepting only contingent product and service warranty claims and accrued and unpaid income tax and employment tax liabilities after the date of Closing. In this connection, it is understood and agreed that employees' wages and salaries and Social Security taxes payable after the date of Closing are liabilities assumed by Buyer, but that will be paid by Seller under Seller's tax identification number. Buyer shall reimburse Seller for the full amount of all such payments made by Seller on the due date thereof promptly upon presentation of an itemized statement therefor.

Seller shall be responsible for and shall pay directly the full amount of any Nebraska or local sales tax liability incurred in connection with the sale to Buyer of the Business Assets.

5. **Security for Note.** In order to secure payment of the Note, Ricardo Fernandez and Ricardo Daniel Fernandez, the  Members of Buyer (hereafter referred to as "Buyer's Members") shall pledge to Seller all of the interest of Buyer in Jim Daws Trucking, LLC, pursuant to all of the terms and conditions of a Member Interest Pledge Agreement in the form of the one that is annexed hereto as Exhibit C and made a part hereof.

6. **Compliance with Bulk Sales Law.** The sale of the Business Assets pursuant to this Agreement shall be conducted according to and in full compliance with the requirements of the Bulk Transfers Division of the Uniform Commercial Code of the State of Nebraska.

7. **Escrow.** The parties stipulate and agree they will cooperate with each other to ensure the following tasks are completed and executed any requisite documents to effectuate such tasks and transfers

a.  Deliver to Seller on Closing, the full purchase price specified in Paragraph 2 of this Agreement, after payment of such claims and liabilities of the Business as may be approved by Seller or expressed in this agreement.

Prepare and deliver to Buyer on Closing a bill of sale conveying all of the other Business Assets as described in this Agreement. The bill of sale shall be in the form of the one that is annexed hereto as Exhibit "D" and made a part hereof.

c.  Submit all claims against the Business or Business Assets received to Seller for approval or rejection.

d.  Request a certificate from the appropriate state official of the State of Nebraska showing any presently effective financing statements on file with that office naming Seller as debtor, and deliver a copy of said statement to Buyer on Closing or within a reasonable time thereafter.

e.  Withhold from delivery to Seller a sufficient amount of funds to: (i) pay or otherwise resolve any claims received by Escrow Holder within the time permitted by the requirements of the Bulk Transfers

Division of the Uniform Commercial Code; (ii) pay any claims of the Department of Revenue of the State of Nebraska for sales taxes due up to the date of Closing; and (iii) pay any sums that may be found due the Department of Labor of the State of Nebraska, on account of unemployment compensation insurance contributions, disability compensation insurance contributions, and state income taxes withheld from employee wages. Following payment or satisfactory resolution of all of such claims, Escrow Holder shall pay any remainder of the withheld funds to Seller.

**8. Seller's Representations and Warranties.** Seller represents and warrants as follows:

**a. Duly organized corporation.** Seller is a corporation duly organized, validly existing, and in good standing under the laws of the State of Nebraska, conducting its business at 758 280th, Milford, Nebraska 68405. Seller has full corporate power and authority to enter into this Agreement and the documents to be delivered under this Agreement, to carry out its obligations under this Agreement and to consummate the transactions contemplated by this Agreement. The execution, delivery and performance by Seller of this Agreement and the documents to be delivered under this Agreement and the consummation of the transactions contemplated by this Agreement have been duly authorized by all requisite corporate action on the part of Seller.

**b.** Seller has good and marketable title to, and the power and authority to sell, the Purchased Assets, free and clear of any liens, claims, encumbrances and security interests, unless otherwise agreed to by Buyer and Seller herein.  No unreleased attorney's lien, security agreement, or other instrument encumbering any of the Purchased Assets has been recorded, filed, executed or delivered.

**c. Financial statements.** The Financial Statements of Seller have been prepared in accordance with generally accepted accounting principles applied on a consistent basis.

**d. Inventory.** The inventory shown on the Financial Statements was, and on Closing will be, valued at the lower of cost or market price, exclusive of freight. All inventory conforms to customary trade standards for marketable goods. As of the Closing, the inventory will consist of current, readily salable goods and merchandise and will not include items that are below standard

quality, in disrepair, or nonsaleable or merchandise or products not otherwise in conformity with Seller's existing standards.

**e. Accounts receivable.** The accounts receivable shown on the Financial Statements include, and as of the date of Closing will include, only receivables arising from bona fide sales of products and services to customers.

**f. Assets and liabilities.** On the date of the Financial Statements Seller was, and on Closing will be, the owner of all the property and assets set forth in the Financial Statements. There were and will be no known liabilities, absolute or contingent, direct or indirect, that are not reflected in such statements except obligations under purchase orders, supply contracts, and product warranties incurred in the ordinary course of business. Seller does not have knowledge of any facts that require Seller to set up a reserve in respect of such obligations.

**g. Taxes and fees.** Seller has paid or adequately provided for any and all taxes, license fees, or other charges levied, assessed, or imposed upon any of the property of Seller; and Seller certifies that: (i) all tax returns and reports required by federal, state, and local tax authorities have been filed; (ii) the returns so filed are correct, true, and complete; (iii) any and all such taxes, including sales, corporate, franchise, property, excise, and use taxes, have been paid or are otherwise adequately provided for; and (iv) the company is not involved in a dispute with any tax authority nor has it received any notice of deficiency, audit, or other indication of deficiency from any tax authority, not otherwise disclosed to Buyer.

**h. Financing Contingency.** Buyer shall have until May 13, 2022, to obtain such third party financing for the purchase of the Property (the "Financing Inspection Period"). If Buyer is unable to obtain such financing as it deems necessary or appropriate, Buyer may, upon written notice to Seller prior to the expiration of the Financing Inspection Period, terminate this Agreement (the "Financing Termination Notice"), in which event this Agreement shall be terminated and neither party shall have any further liability hereunder other than for those provisions which expressly survive the termination of this Agreement. If Buyer fails to deliver the Financing Termination Notice within the aforementioned time period, Buyer shall be deemed to have waived its right to terminate this Agreement pursuant to the Financing Inspection Period. Buyer shall use all commercially reasonable efforts to obtain financing to close the transaction as anticipated in this Agreement.

**i. Litigation.** There are no suits, governmental proceedings, or litigation pending, or to the knowledge of Seller threatened against Seller or its properties that might materially affect the financial condition, business, or property of Seller.

**j. Employment contracts.** There are no written contracts of employment between Seller and any officer or other employee of Seller, and all oral contracts of employment are terminable on not more than 30 days notice without penalty or cost.

**k. Employee benefit plans.** Except as hereafter stated, Seller has no pension, bonus, profit sharing, health, insurance, or retirement plans for officers or employees, nor is Seller required to contribute to any multiemployer employee pension or other qualified benefit plan or plans.

Seller maintains a group health and accident policy with Blue Cross and Blue Shield covering employees of Seller. Said policy will be in force on Closing with all premiums paid.

**l. Insurance.** All inventories, fixed assets, and all other assets not explicitly excluded in this agreement that are owned by Seller are and will be insured to the percent of their replacement value according to Exhibit E herein against fire and other casualties to the date of Closing, and valid policies therefor are and will be outstanding and duly in force and the premiums will be paid prior to Closing.  All policies are through Cottingham & Buttler, specifically Larry Nedder, VP, Transportation Group.

**m. No changes.** From March 1, 2022 until Closing, Seller has not and will not, except with the prior written consent of the Buyer:

i.  Conduct its business in any manner except in the regular and ordinary course;

ii.  Declare or pay any dividend or make any other distribution or payment in respect of its capital stock nor redeem, purchase, or otherwise acquire any of said stock;

Except for payment of bonuses as shown on the Financial Statements, increase the amount of compensation currently being paid to any officer, employee, or agent, excepting only wage increases resulting from labor negotiations, nor make any bonus arrangement with any officer, employee, or agent;

iii. Make any expenditure for fixed assets in excess of $20,000.00 for any single expenditure or make any contract, commitment, or liability extending beyond one (1) month, without written approval of Buyer;

iv. Enter into any transaction other than in the ordinary course of business.


By their execution of this Agreement, James R. Daws and Lana R. Daws, all of the shareholders of Seller (hereafter referred to as "Seller's Shareholders") agree to be individually bound by the warranties contained in this Paragraph.


9.  **Buyer's Representations and Warranties.** Buyer represents and warrants as follows:
a.  **Duly organized corporation.** Buyer is a duly organized corporation, validly existing, and in good standing under the laws of the State of Illinois, conducting its business at 9944 South Roberts RoadPalos Hills, IL 60465.

b.  **Pledge of Membership Interest.** Buyer has complete ownership of Jim Daws Trucking, LLC, all of which is fully paid, nonassessable, and owned free and clear of any encumbrances by Buyer's Members. There is no legal impediment to the pledge of said interest to secure payment of the Notes. Buyer agrees to obtain and deliver to Seller
any consent to transfer or pledge said interest as may be required under Nebraska law. (see Exhibit C)

c.  **Confidentiality.** Buyer acknowledges that on inspection of the properties, books, contracts, commitments, and records of Seller, Buyer has become privy to confidential information of Seller, and that communication of such confidential information to third parties could injure Seller's business. Buyer shall take reasonable steps to ensure that such information shall remain confidential and shall not be disclosed or revealed to outside sources. "Confidential information" includes, but is not limited to, information such as customer lists, supplier lists, trade secrets,

channels of distribution, pricing policy and records, inventory records, and such other information as may otherwise be designated as such by Seller.

10. **Warranties and Representations.**

**a. Survival.** The warranties and representations made by Seller and Buyer shall survive for a period of five years after Closing.

**b. Materiality.** A breach of any of the representations or warranties contained herein shall not be a basis for termination of this Agreement unless such representation or warranty is materially incorrect.

11. **Closing.** Closing under this Agreement shall take place on or before May 4, 2022 at_____am/pm at the office of Seller, or at a mutually agreeable time and location to the parties,.

12. **Noncompetition Agreement by Seller.** It is understood and agreed that $4,500,000 of the purchase price shall be allocated to the goodwill of the Business, and in connection with the sale to the Buyer of the goodwill, Seller agrees that it shall not, either directly or indirectly, carry on or engage in, either as an owner, part owner, manager, operator, employee, agent, or other participant, the business of trucking in the continental United States of America, for a period of no less than five (5) years from the date of this Agreement, so long as Buyer or any person deriving title to the goodwill of said business from Buyer carries on a like business in such area.

By affixing their signatures to this Agreement, Seller's Shareholders join in the foregoing noncompetition agreement and agree to be individually bound thereby.

13. **Conditions to Buyer's Obligations.** The obligations of Buyer under this Agreement are, at the option of Buyer, subject to the following conditions:

**a. Representations and warranties.** There shall not have been any material breach of the representations or warranties of Seller contained in this Agreement, and such representations and warranties shall continue to be true on the date of Closing.

**b. Seller's performance.** Seller shall have performed and complied with all agreements and conditions required of it by this Agreement.
**c. Status quo.** The Business and the property of Seller shall not have been materially and adversely affected as a result of any transaction or event occurring from the date hereof to the date of Closing.

**d. Casualty.** There shall not have been from the date hereof to the date of Closing any damage, destruction, or loss (whether or not covered by insurance) exceeding $20,000.00, or other trouble materially and adversely affecting the Business.

**e. Litigation.** No suit, proceeding, including bankruptcy or other insolvency proceeding, or investigation shall have been commenced or threatened by any governmental authority or private person on any grounds to restrain, enjoin or hinder, or to seek material damages on account of, the consummation of the transactions herein contemplated.

14. **Limited Power of Attorney.** Seller shall deliver to Buyer an instrument authorizing Buyer to endorse in Seller's name any checks, drafts, notes, or other documents received in payment on account of property transferred to Buyer.

15. **Contracts.** Seller shall deliver to Buyer an assignment of the purchase and sales orders and other commitments of Seller. This material shall be annexed hereto as Exhibit E.

16. **Additional Documents.** From time-to-time at Buyer's request and expense (whether at or after Closing and without further consideration), Seller shall make, execute, and deliver to Buyer such further instruments of conveyance as may reasonably be required, and Seller shall take such other action as Buyer may reasonably request to convey and transfer effectively to Buyer any of the property to be sold to Buyer and will assist Buyer at Buyer's expense in the collection or reduction to possession of such property.

17. **Corporate Resolution.** Certified copies of resolutions of Seller's Directors and Shareholders authorizing the transactions set forth in this Agreement shall be delivered by Seller to Buyer upon Closing.

18. **Indemnity Agreement.**

**a. Seller's indemnity.** Seller indemnifies and holds Buyer free and harmless of and from all claims, demands, causes of action, or liabilities, whether or not well founded, of the Business not expressly assumed by Buyer herein, including, without limitation, product and service warranty liability for sales of merchandise and services contracted by Seller prior to the date of Closing, and unpaid income and employment tax liabilities, together with the costs of defense thereof.

**b. Buyer's indemnity.** Buyer indemnifies and holds Seller free and harmless of and from any and all claims, demands, causes of action, or liabilities, whether or not well founded, from any liabilities of the Business assumed by Buyer hereunder, including without limitation, trade, wage, and contract liabilities, together with the costs of defense thereof.

19. **Representation.** This Agreement and other documents related to this Agreement have been prepared by Julie M. Karavas, Attorney-at-Law, of Karavas & Kranz, P.C., who has counseled and advised Seller with reference thereto. Buyer has been counseled and advised by Clayton J. Springer, Attorney-at-Law, Rock Fusco & Connelly. It is agreed between the parties hereto that each shall bear and be solely responsible for payment of their respective attorney's and accountant's fees, and Seller shall pay any escrow fee charged by Escrow Holder.

20. **Litigation.** In the event of any litigation between the parties concerning the Business Assets, the Business, this Agreement, or the rights and duties of either party in relation thereto, the prevailing party in such litigation shall be entitled, in addition to such other relief as may be granted, to a reasonable sum as and for attorney's fees in such litigation. The amount of such fees shall be determined by the Court in such litigation or in a separate action brought for that purpose.

21. **No Assignment.** Neither this Agreement nor any interest therein shall be assigned by Buyer or Seller without the written consent of the other.

22. **Legal Effect.** This Agreement sets forth the entire understanding of the parties. It shall not be changed or terminated orally. All the terms and provisions of this Agreement shall be binding upon

and inure to the benefit of and be enforceable by the I.R.S., personal representatives, successors, and, if approved, the assigns of the parties.

**Notices.** Any and all notices required to be sent pursuant to the terms of this Agreement shall be sent certified mail addressed as follows:

To the Seller:
James R Daws
1091 N 7th
Seward, NE 68434

To the Buyer:
JAC Management Corporation
Attn: Ricardo Fernandez
301 E Lincoln Hwy
Dekalb, IL 60115

With a copy to:
Rock Fusco & Connelly
333 W. Wacker Dr, 19th Floor
Chicago, IL 60606

**24. Severability.** The invalidity of any provision of this Agreement or portion of a provision shall not affect the validity of any other provision of this Agreement or the remaining portion of the applicable provision.

**25. Counterparts.** This Agreement may be executed in two or more counterparts and each counterpart with a hand-written signature, whether an original or an electronic date text (including facsimile, lectronic data interchange, portable document format (".pdf") and electronic mail) is considered an original and all counterparts constitute one and the same instrument.

**26. Entire Agreement.** This Agreement and the instruments to be delivered by the parties pursuant to the provisions hereof constitute the entire agreement between the parties. Each exhibit and schedule shall be considered incorporated into this Agreement. Any amendments, or alternative or supplementary provisions to this Agreement, must be made in writing and duly executed by an authorized representative or agent of each of the parties hereto.

IN WITNESS WHEREOF, the parties have caused their duly authorized officers to execute this Agreement on ___5/4/22___.

**SELLER**
**Daws Incorporated, a Nebraska corporation**

By: _____
        James R. Daws, President

**BUYER**

**Jim Daws Trucking, LLC, a Nebraska limited liability company**

By: _____
        Ricardo Fernandez

By: _____
        Ricardo D. Fernandez

Seller's Shareholders join in and agree to be individually bound by the provisions of Paragraph 8 of the Agreement pertaining to Seller's warranties.

_____        _____
James R. Daws                                              Lana R. Daws

The undersigned join in Paragraph 12 of this Agreement, pertaining to noncompetition by the Seller and by the undersigned upon the terms and conditions set forth in said paragraph.

Dated: ___5/4/22___

*[Exhibits A–E]*

EXHIBIT A

Daws Inc
Truck List 4/26/22

| Unit # | Tractor Year | Make | VIN | Insured Value |
|--------|--------------|------|-----|---------------|
| 017C | 2022 | Peterbilt | 1XPXP49XXND780508 | $150,000 |
| 063E | 2022 | Peterbilt | 1XPCDP9X4ND780514 | $150,000 |
| 083E | 2022 | Peterbilt | 1XPXDP9X4ND780515 | $150,000 |
| 090C | 2022 | Peterbilt | 1XPXDP9X4ND783883 | $150,000 |
| 007A | 2021 | Peterbilt | 1XPXD49X8MD750821 | $120,000 |
| 051E | 2021 | Peterbilt | 1XPXDP9X0MD750815 | $120,000 |
| 073B | 2021 | Peterbilt | 1XPXDP9X9MD750814 | $120,000 |
| 045E | 2020 | Peterbilt | 1XPXDP9X8LD700940 | $120,000 |
| 049C | 2020 | Kenworth | 1XKWD49X5L1291488 | $120,000 |
| 065C | 2020 | Peterbilt | 1XPXDP9XXLD700941 | $120,000 |
| 071C | 2020 | Peterbilt | 1XPXDP9X7LD700945 | $120,000 |
| 075C | 2020 | Peterbilt | 1XPXDP9X1LD700939 | $120,000 |
| 094C | 2020 | Peterbilt | 1XPXDP9X1LD700942 | $120,000 |
| 095C | 2020 | Peterbilt | 1XPXDP9X6LD700953 | $120,000 |
| 103C | 2020 | Peterbilt | 1XPXDP9X6LD700936 | $120,000 |
| 106B | 2020 | Peterbilt | 1XPXDP9X0LD700947 | $120,000 |
| 107B | 2020 | Peterbilt | 1XPXDP9X3LD700943 | $120,000 |
| 110B | 2020 | Peterbilt | 1XPXDP9X8LD700954 | $120,000 |
| 025E | 2019 | Peterbilt | 1XPCDP9XXKD612565 | $90,000 |
| 088B | 2019 | Peterbilt | 1XPXDP9X1KD612567 | $120,000 |
| 029C | 2018 | Peterbilt | 1XPXDP9X0JD466807 | $90,000 |
| 035C | 2018 | Peterbilt | 1XPXDP9X3JD489014 | $90,000 |
| 041F | 2018 | Peterbilt | 1XPXDP9X0JD465284 | $90,000 |
| 101B | 2018 | Peterbilt | 1XPXDP9X5JD489015 | $90,000 |
| 105C | 2018 | Peterbilt | 1XPXDP9X1JD469277 | $90,000 |
| 125C | 2018 | Peterbilt | 1XPXDP9X1JD465231 | $90,000 |
| 042C | 2016 | Peterbilt | 1XPXDP9X6GD338080 | $75,000 |
| 048C | 2016 | Peterbilt | 1XPXDP9XXGD357697 | $85,000 |
| 074B | 2016 | Peterbilt | 1XPXDP9XXGD338079 | $60,000 |
| 109B | 2015 | Kenworth | 1XKDDP9X0FJ420797 | $50,000 |

Exhibit A

Daws
Trailers as of 4/26/22

| Unit # | Year | Make | VIN | Insured Value |
|---|---|---|---|---|
| 3503D | 2022 | Manac | 2M5131614N1204649 | $55,000 |
| 3504D | 2022 | Manac | 2M5131610N1204731 | $55,000 |
| | | | | |
| 112DD | 2021 | Wilson | 1W15482A4M6629638 | $36,900 |
| 113DD | 2021 | Wilson | 1W15482A6M6629639 | $36,900 |
| 114DD | 2021 | Wilson | 1W15482A2M6629640 | $36,900 |
| 115DD | 2021 | Wilson | 1W15482A4M6629641 | $36,900 |
| 116DD | 2021 | Wilson | 1W15482A6M6629642 | $36,900 |
| 117DD | 2021 | Wilson | 1W15482A8M6629643 | $36,900 |
| 118DD | 2021 | Wilson | 1W15482AXM6629644 | $36,900 |
| 119DD | 2021 | Wilson | 1W15482A1M6629645 | $36,900 |
| 1052D | 2021 | Wilson | 1W15482A3M6629646 | $39,600 |
| 1053D | 2021 | Wilson | 1W15482A5M6629647 | $39,600 |
| 1054D | 2021 | Wilson | 1W15482A7M6629648 | $39,600 |
| 1055D | 2021 | Wilson | 1W15482A9M6629649 | $39,600 |
| 2013D | 2021 | XL Special | 4U3J05330ML020363 | $76,500 |
| 2014D | 2021 | XL Special | 4U3J05332ML020364 | $76,500 |
| | | | | |
| 100DD | 2020 | Wilson | 1W15482A6L6628652 | $30,780 |
| 101DD | 2020 | Wilson | 1W15482A8L6628653 | $30,780 |
| 102DD | 2020 | Wilson | 1W15482AXL6628654 | $30,780 |
| 103DD | 2020 | Wilson | 1W15482A1L6628655 | $30,780 |
| 104DD | 2020 | Wilson | 1W15482A3L6628656 | $30,780 |
| 105DD | 2020 | Wilson | 1W15482A5L6628657 | $30,780 |
| 106DD | 2020 | Wilson | 1W15482A7L6628658 | $30,780 |
| 107DD | 2020 | Wilson | 1W15482A9L6628659 | $30,780 |
| 108DD | 2020 | Wilson | 1W15482A5L6628660 | $30,780 |
| 109DD | 2020 | Wilson | 1W15482A7L6628661 | $30,780 |
| 110DD | 2020 | Wilson | 1W15482A9L6628662 | $30,780 |
| 111DD | 2020 | Wilson | 1W15482A0L6628663 | $30,780 |
| | | | | |
| 060DD | 2019 | Wilson | 1W15482A3K6627523 | $28,350 |
| 061DD | 2019 | Wilson | 1W15482A5K6627524 | $28,350 |
| 062DD | 2019 | Wilson | 1W15482A7K6627525 | $28,350 |
| 063DD | 2019 | Wilson | 1W15482A9K6627526 | $28,350 |
| 064DD | 2019 | Wilson | 1W15482A0K6627527 | $28,350 |
| 065DD | 2019 | Wilson | 1W15482A2K6627528 | $28,350 |
| 066DD | 2019 | Wilson | 1W15482A4K6627529 | $28,350 |
| 067DD | 2019 | Wilson | 1W15482A0S6627530 | $28,350 |
| 068DD | 2019 | Wilson | 1W15482A2K6627531 | $28,350 |
| 069DD | 2019 | Wilson | 1W15482A4K6627532 | $28,350 |
| 070DD | 2019 | Wilson | 1W15482A6K6627533 | $28,350 |
| 071DD | 2019 | Wilson | 1W15482A8K6627534 | $28,350 |
| 072DD | 2019 | Wilson | 1W15482AXK6627535 | $28,350 |
| 073DD | 2019 | Wilson | 1W15482A1K6627536 | $28,350 |
| 074DD | 2019 | Wilson | 1W15482A3K6627537 | $28,350 |
| 1049D | 2019 | Wilson | 1W15482A5K6628186 | $35,640 |
| 1050D | 2019 | Wilson | 1W15482A7K6628187 | $35,640 |
| 1051D | 2019 | Wilson | 1W15482A9K6628188 | $35,640 |
| 1528D | 2019 | Wilson | 1W15532AXK6628183 | $37,260 |
| 1529D | 2019 | Wilson | 1W15532A1K6628184 | $37,260 |
| 1530D | 2019 | Wilson | 1W15532A3K6628185 | $37,260 |
| | | | | |
| 080DD | 2018 | Great Dane | 1GRDM9627JH122253 | $26,244 |
| 081DD | 2018 | Great Dane | 1GRDM9629JH122254 | $26,244 |
| 082DD | 2018 | Great Dane | 1GRDM9620JH122255 | $26,244 |
| 083DD | 2018 | Great Dane | 1GRDM9622JH122256 | $26,244 |
| 084DD | 2018 | Great Dane | 1GRDM9624JH122257 | $26,244 |
| 085DD | 2018 | Great Dane | 1GRDM9626JH122258 | $26,244 |
| 086DD | 2018 | Great Dane | 1GRDM9628JH122259 | $26,244 |
| 087DD | 2018 | Great Dane | 1GRDM9624JH122260 | $26,244 |
| 088DD | 2018 | Great Dane | 1GRDM9626JH122261 | $26,244 |
| 089DD | 2018 | Great Dane | 1GRDM9628JH122262 | $26,244 |
| 090DD | 2018 | Great Dane | 1GRDM962XJH122442 | $26,244 |
| 091DD | 2018 | Great Dane | 1GRDM962XJH122263 | $26,244 |
| 092DD | 2018 | Great Dane | 1GRDM9621JH122264 | $26,244 |
| 093DD | 2018 | Great Dane | 1GRDM9623JH122265 | $26,244 |
| 094DD | 2018 | Great Dane | 1GRDM9625JH122266 | $26,244 |

Exhibit A

Daws
Trailers as of 4/26/22

| Unit # | Year | Make | VIN | Insured Value |
|---|---|---|---|---|
| 095DD | 2018 | Great Dane | 1GRDM9627JH122267 | $26,244 |
| 096DD | 2018 | Great Dane | 1GRDM9629JH122268 | $26,244 |
| 097DD | 2018 | Great Dane | 1GRDM9620JH122269 | $26,244 |
| 098DD | 2018 | Great Dane | 1GRDM9627JH122270 | $26,244 |
| 099DD | 2018 | Great Dane | 1GRDM9629JH122271 | $26,244 |
| 1047D | 2018 | Wilson | 4WW5482A8J6626410 | $29,150 |
| 1048D | 2018 | Wilson | 4WW5482AXJ6626411 | $29,160 |
| 2012D | 2018 | XI Special | 4U3J05331JL016866 | $51,030 |
|  |  |  |  |  |
| 076DD | 2017 | Great Dane | 1GRDM9627HH733622 | $25,515 |
| 077DD | 2017 | Great Dane | 1GRDM9629HH733623 | $25,515 |
| 078DD | 2017 | Great Dane | 1GRDM9620HH733624 | $25,515 |
|  |  |  |  |  |
| 198D | 2016 | Wilson | 4WW5532A0G6625101 | $23,328 |
| 199D | 2016 | Wilson | 4WW5532A2G6625102 | $23,328 |
| 200D | 2016 | Wilson | 4WW5532A4G6625103 | $23,328 |
| 203D | 2016 | Wilson | 4WW5532AXG6625106 | $23,328 |
| 204D | 2016 | Wilson | 4WW5532AAG6625107 | $23,328 |
| 205D | 2016 | Wilson | 4WW5532A3G6625108 | $23,328 |
| 206D | 2016 | Wilson | 4WW5532A5G6625109 | $23,328 |
| 207D | 2016 | Wilson | 4WW5532A1G6625110 | $23,328 |
|  |  |  |  |  |
| 145D | 2015 | Wilson | 4WW5502A8F6623402 | $27,629 |
| 146D | 2015 | Wilson | 4WW5502AXF6623403 | $27,629 |
| 177D | 2015 | Wilson | 4WW5532A3F6622384 | $21,214 |
| 178D | 2015 | Wilson | 4WW5532A5F6622385 | $21,214 |
| 179D | 2015 | Wilson | 4WW5532A9F6622387 | $21,214 |
| 180D | 2015 | Wilson | 4WW5532A0F6622388 | $21,214 |
| 181D | 2015 | Wilson | 4WW5532A2F6622389 | $21,214 |
| 182D | 2015 | Wilson | 4WW5532A9F6622390 | $21,214 |
| 183D | 2015 | Wilson | 4WW5532A0F6622391 | $21,214 |
| 184D | 2015 | Wilson | 4WW5532A2F6622392 | $21,214 |
| 185D | 2015 | Wilson | 4WW5532A4F6622393 | $21,214 |
| 186D | 2015 | Wilson | 4WW5532A6F6622394 | $21,214 |
| 187D | 2015 | Wilson | 4WW5532A8F6622395 | $21,214 |
| 188D | 2015 | Wilson | 4WW5532AXF6622396 | $21,214 |
| 189D | 2015 | Wilson | 4WW5532A1F6622397 | $21,214 |
| 191D | 2015 | Wilson | 4WW5532A5F6622399 | $21,214 |
| 192D | 2015 | Wilson | 4WW5532A8F6622400 | $21,214 |
| 193D | 2015 | Wilson | 4WW5532AXF6622401 | $21,214 |
| 194D | 2015 | Wilson | 4WW5532A1F6622402 | $21,214 |
| 195D | 2015 | Wilson | 4WW5532A3F6622403 | $21,214 |
| 196D | 2015 | Wilson | 4WW5532A5F6622404 | $21,214 |
| 197D | 2015 | Wilson | 4WW5532A7F6622405 | $21,214 |
| 1517D | 2015 | Wilson | 4WW5532A4F6622409 | $25,515 |
| 1518D | 2015 | Wilson | 4WW5532A0F6622410 | $25,515 |
| 1519D | 2015 | Wilson | 4WW5532A2F6622411 | $25,515 |
| 1520D | 2015 | Wilson | 4WW5532A4F6622412 | $25,515 |
| 1521D | 2015 | Wilson | 4WW5532A6F6622413 | $25,515 |
| 1522D | 2015 | Wilson | 4WW5532A8F6622414 | $25,515 |
| 1523D | 2015 | Wilson | 4WW5532AXF6622415 | $25,515 |
| 1524D | 2015 | Wilson | 4WW5532A1F6622416 | $25,005 |
| 1525D | 2015 | Wilson | 4WW5532A3F6622417 | $25,005 |
| 1526D | 2015 | Wilson | 4WW5532A5F6622418 | $25,005 |
| 1527D | 2015 | Wilson | 4WW5512A1F6622419 | $25,005 |
|  |  |  |  |  |
| 143D | 2014 | Wilson | 4WW5502A1E6620940 | $26,609 |
| 144D | 2014 | Wilson | 4WW5502A3E6620941 | $26,609 |
| 172D | 2014 | Wilson | 4WW5532A8E6622380 | $20,193 |
| 173D | 2014 | Wilson | 4WW5532AXE6622381 | $20,193 |
| 174D | 2014 | Wilson | 4WW5532A1E6622382 | $20,193 |
| 175D | 2014 | Wilson | 4WW5532A9E6622386 | $20,193 |
| 1514D | 2014 | Wilson | 4WW5512A5E6622406 | $21,870 |
| 1515D | 2014 | Wilson | 4WW5512A7E6622407 | $21,870 |
| 1516D | 2014 | Wilson | 4WW5512A9E6622408 | $21,870 |
| 1701D | 2014 | Wilson | 4WW5533A3E6620986 | $21,870 |
| 1702D | 2014 | Wilson | 4WW5533A9E6621012 | $21,870 |

Exhibit A

**Daws**
**Trailers as of 4/26/22**

| Unit # | Year | Make | VIN | Insured Value |
|---|---|---|---|---|
| 1703D | 2014 | Wilson | 4WW5533A8E6621020 | $21,870 |
| 1704D | 2014 | Wilson | 4WW5533A1E6621022 | $21,870 |
| 1705D | 2014 | Wilson | 4WW5533A3E6621023 | $21,870 |
| 2009D | 2014 | Trail King | 1TKJ05335EW072042 | $39,876 |
| 2010D | 2014 | Trail King | 1TKJ05337EW072043 | $39,876 |
| 2011D | 2014 | Trail King | 1TKJ05339EW072044 | $39,876 |
| | | | | |
| 155D | 2013 | Mac | 5MAPA5327DS025055 | $18,079 |
| 156D | 2013 | Mac | 5MAPA5329DA025056 | $18,079 |
| 157D | 2013 | Mac | 5MAPA5320DA025057 | $18,079 |
| 158D | 2013 | Mac | 5MAPA5322DA025058 | $18,079 |
| 159D | 2013 | Mac | 5MAPA5324DA025059 | $18,079 |
| 160D | 2013 | Mac | 5MAPA5320DA025060 | $18,079 |
| 162D | 2013 | Mac | 5MAPA532XDA022800 | $18,079 |
| 163D | 2013 | Mac | 5MAPA5321DA022801 | $18,079 |
| 164D | 2013 | Mac | 5MAPA5323DA022802 | $18,079 |
| 165D | 2013 | Mac | 5MAPA5325DA022803 | $18,079 |
| 166D | 2013 | Mac | 5MAPA5327DA022804 | $18,079 |
| 167D | 2013 | Mac | 5MAPA5329DA022805 | $18,079 |
| 168D | 2013 | Mac | 5MAPA5320DA022806 | $18,079 |
| 169D | 2013 | Mac | 5MAPA5322DA022807 | $18,079 |
| 1504D | 2013 | Mac | 5MASA5329DA025052 | $20,704 |
| 1505D | 2013 | Mac | 5MASA5320DA025053 | $20,704 |
| 1506D | 2013 | Mac | 5MASA5322DA025054 | $20,704 |
| 1508D | 2013 | Mac | 5MASA5324DA024598 | $20,704 |
| 1509D | 2013 | Mac (wrecked) | 5MASA5326DA024599 | $0 |
| 1510D | 2013 | Mac | 5MASA5329DA022796 | $20,704 |
| 1511D | 2013 | Mac | 5MASA5320DA022797 | $20,704 |
| 1512D | 2013 | Mac | 5MASA5322DA022798 | $20,704 |
| 1513D | 2013 | Mac | 5MASA5324DA022799 | $20,704 |
| | | | | |
| 142D | 2012 | Wilson | 4WW5502A7C6618915 | $24,422 |
| 151D | 2012 | Mac | 5MAPA5325BA020496 | $18,079 |
| 152D | 2012 | Mac | 5MAPA5320CA020763 | $18,079 |
| 154D | 2012 | Mac | 5MAPA5322CA020764 | $18,079 |
| 1503D | 2012 | Wilson | 4WW5532A4C6619022 | $20,193 |
| | | | | |
| 1044D | 2010 | Mac | 5MAPA4828AA018243 | $16,475 |
| 1045D | 2010 | Mac | 5MAPA482XAA018244 | $16,475 |
| 1501D | 2010 | Mac | 5MAPA5325AA018231 | $19,100 |
| 3603D | 2010 | Manac | 2M5131613A1123314 | $21,287 |
| | | | | |
| 137D | 2009 | Mac | 5MAPA482X8A014186 | $14,872 |
| 2006D | 2009 | XI Special | 4U3J048249L010260 | $22,818 |
| 3602D | 2009 | Manac | 2M513161991121417 | $21,287 |
| | | | | |
| 129D | 2008 | Mac | 5MAPA48208A013516 | $13,268 |
| 3501D | 2008 | Manac | 2M513146X81118202 | $16,986 |
| 3502D | 2008 | Manac | 2M513146181118203 | $16,986 |
| 3601D | 2008 | Manac | 2M513161381118205 | $21,287 |
| | | | | |
| 303D | 2003 | Great Dane | 1GRDM96273M022101 | $7,436 |
| 304D | 2003 | Great Dane | 1GRDM96293M022102 | $7,436 |
| | | | | |
| 301D | 2002 | Great Dane | 1GRDM96292M004701 | $7,436 |
| 302D | 2002 | Great Dane | 1GRDM96202M004702 | $7,436 |
| 308D | 2002 | Undescribed | 00016990001668 7NE | $5,322 |
| | | | | |
| 040D | 2001 | Wilson | 4WWGGB6B61N606341 | $8,000 |
| 041D | 2001 | Wilson | 4WWGGB6B81N606342 | $8,000 |
| 307D | 2001 | Undescribed | 00016990001670 4NE | $5,322 |
| | | | | |
| 496 | 1995 | Wabash | 1JJV532U9SL285105 | $0 |
| 497 | 1994 | Fruehauf | 1H2V05329RE043422 | $0 |
| 306D | 1991 | Pole | NEBR009203 | $5,322 |
| | | | | |
| | | | 184 | $4,619,186 |

Exhibit A
Daws, Incl - Other Assets

**BUILDINGS**

| Date Acuired | Description | Value |
|---|---|---|
| 10/15/1998 | Shop Building | $16,011 |
| | Garage Door - North | |
| 5/9/2005 | Shop | $3,457 |
| **Total** | | $19,468 |

**LEASEHOLD IMPROVEMENTS**

| Date Acuired | Description | Value |
|---|---|---|
| | Leased Building | |
| 11/7/2001 | Wiring | $2,207 |
| 3/17/2002 | Shop Doors | $9,266 |
| | 2 - 1000g Propane | |
| 10/25/2004 | Tanks | $1,266 |
| 11/10/2005 | Sprinkler System | $3,450 |
| **Total** | | $16,189 |

**OFFICE EQUIPMENT**

| Date Acuired | Description | Value |
|---|---|---|
| 8/1/2006 | Add'l Cubicle | $1,638 |
| 3/22/1995 | 2 - Desks | $1,113 |
| 12/6/2013 | PC Miler Software | $8,514 |
| 10/28/2015 | Phone System | $11,107 |
| 8/21/2018 | Copier | $5,164 |
| 2/28/2021 | Server | $39,585 |
| 4/1/2021 | New Server Labor | $4,473 |
| **Total** | | $71,594 |

**MACHINERY & EQUIPMENT - SHOP/YARD**

| Date Acuired | Description | Value |
|---|---|---|
| 12/31/1999 | Truck Equipment | $25,471 |
| 12/2/1999 | Loader | $3,200 |
| 1/12/2000 | Oil Burner | $4,450 |
| 7/23/2001 | Tool Box | $735 |
| 4/20/2001 | Welder | $1,491 |
| 6/19/2001 | Hyster Forklift | $11,745 |
| 10/26/2002 | Snow Blower | $959 |
| 10/26/2002 | Sanding Cabinet | $426 |
| 5/5/2003 | Oil Filter Crusher | $1,910 |
| 4/28/2004 | 2 - Air Compressors | $2,186 |
| 5/25/2005 | Generator/Power Washer | $5,500 |
| 7/6/2005 | Battery Load Tester | $2,236 |
| 6/16/2006 | Storage Container | $1,952 |
| 10/9/2010 | Snow Plow | $6,106 |

Exhibit A
Other Assets

**MACHINERY & EQUIPMENT - SHOP/YARD  - Continued**

| Date Acuired | Description | Value |
|---|---|---|
| 1/4/2010 | Air Cleaners | $5,692 |
| 12/21/2010 | Waste Oil Heater | $6,656 |
| 7/8/2010 | Recycler | $3,831 |
| 11/14/2011 | Trailer Light Cart | $2,241 |
| 9/24/2012 | Welder | $3,653 |
| 11/6/2012 | Particulate Cleaner | $19,518 |
| 3/31/2014 | Riveter | $2,060 |
| 4/9/2014 | Coolant Extractor | $1,755 |
| 5/12/2014 | ABS Analyzer | $4,692 |
| 9/17/2015 | JD 2445 Mower | $6,356 |
| 1/6/2017 | A/C Recharger | $3,793 |
| 2/19/2019 | Ellis Miter Bandsaw | $3,143 |
| 11/19/2019 | 98 Ottuwa Yard Truck | $18,000 |
| 1/20/2021 | Heavy Duty Tire Changer | $16,405 |
| **Total** | | $166,162 |