| | | |
|---|---|---|
| **From:** | Andre R. Barry | **EXHIBIT I** |
| **To:** | Julie Karavas | |
| **Cc:** | rshortridge@perrylawfirm.com; Karen Wall | |
| **Subject:** | RE: Response Letter | |
| **Date:** | Thursday, September 19, 2024 9:00:40 PM | |

Julie:

We've reviewed your letter with Rick and Ricky Fernandez. Suffice it to say, our clients have serious disagreements over the facts and the fundamentals of the situation—most importantly, with Jim Daws' failure to convey the goodwill of the business for which he's been paid over $10 million.

We're also still waiting for your responses to our questions concerning the draft employment agreement for Jim Daws, your bills to Jim Daws Trucking, LLC, and all communications related to work you performed for Jim Daws Trucking, LLC.

In the interest of time and avoiding litigation, however, Rick has authorized me to make the following counteroffer on his behalf:

1. Jim pays Rick $1.4 million cash at closing.
2. Rick keeps two trucks (101 and 125) worth approximately $100,000 combined.
3. Jim assumes all remaining debt to UBT for equipment.
4. Jim assumes half the operating line of credit from UBT, and Rick remains responsible for the other half (approximately $312,000 each).
5. Jim allocates $3 million in goodwill back to Rick as part of the reversal of the sale.

This offer will remain open until Monday at 5 p.m.



**ANDY BARRY** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7143 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

---

**From:** Karen Wall <karen@jkklegal.com>
**Sent:** Tuesday, September 17, 2024 4:33 PM
**To:** Andre R. Barry <abarry@clinewilliams.com>
**Cc:** rshortridge@perrylawfirm.com; Julie Karavas <Julie@jkklegal.com>
**Subject:** Response Letter

Barry,

Please see the attached letter from Julie Karavas regarding Jim Daws Trucking, LLC.
Let me know if you have any difficulties opening same.

Best regards,

Karen Wall
Karavas & Kranz, P.C.
1615 17th Avenue
PO Box 118
Central City, NE 68826
308-946-3071

| | |
|---|---|
| **From:** | Andre R. Barry |
| **To:** | Julie Karavas |
| **Cc:** | Karen Wall; rshortridge@perrylawfirm.com |
| **Subject:** | RE: Jim Daws Trucking LLC - demands from Rick |
| **Date:** | Wednesday, September 25, 2024 6:37:02 PM |

Julie:

Suffice it to say, Rick's perspective is very different from Jim's: Rick asked Jim to close the ANB account and use the LLC's UBT account instead; Jim refused.

We appreciate Jim's acknowledgment, through you, that the funds in the account all belong the LLC. I'll confer with Rick on how and when funds should be transferred to the UBT account so that payroll and other obligations are met.

With respect to Rick's email to employees, Jim left Rick no choice but to communicate with employees to try to persuade them to stay with the company. Through his closed-door meetings and other communications, in violation of his obligations as an employee, Jim ensured no one would stay. It doesn't appear that any further communications from Rick to employees will be of use in trying to persuade people to stay. We do note you haven't identified anything specific in what Rick wrote that Jim claims is false.

Rick communicated with Tony in the interest of time, given Tony's statement that he will resign on Friday. To the extent further communications are needed regarding the account transfer, we will communicate with you directly. We do request that Jim provide all logins and passwords to ensure that Rick has access to all electronic records of the LLC wherever they are stored, and that he do so by the close of business tomorrow, September 26.

In the meantime, Jim has a duty to cooperate with Rick to return and assist in the retrieval of all equipment and other assets and not to delete or destroy any communications or other records related to the LLC or this dispute.

To be clear, it is undisputed that Jim owed fiduciary duties to the LLC and has non-compete obligations to the company. Jim has already breached his fiduciary duties, as well as the Asset Purchase Agreement, and has tortiously interfered in the company's relationships with its employees. In doing so, Jim has incurred significant liability, including an obligation to return the $10 million plus he was paid by Rick. If Jim breaches the non-compete, he will be subject to further liability. Rick intends to enforce his rights.

In addition, to pick up on a subject of prior correspondence, we note that the LLC's records show payments to your law firm from August 2, 2022, through September 3, 2024. Whether or not an engagement agreement was signed, your firm was clearly performing work on behalf of the LLC. We therefore

reiterate our request for all communications and other records related to that representation.



**ANDY BARRY** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7143 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

---

**From:** Julie Karavas <Julie@jkklegal.com>
**Sent:** Wednesday, September 25, 2024 5:20 PM
**To:** Andre R. Barry <abarry@clinewilliams.com>
**Cc:** Karen Wall <karen@jkklegal.com>; rshortridge@perrylawfirm.com
**Subject:** Jim Daws Trucking LLC - demands from Rick

Andy,

Good afternoon. I write to forward you a message Jim received from Rick this morning. Our first instinct was to have Jim remind Rick that he is the owner of Jim Daws Trucking, LLC ("LLC") and, as such, he, and only he, has the authority to request the transfers himself. However, after speaking with Jim, we learned that Rick never opened an operating account for the LLC, despite Jim's repeated requests. Instead, the ANB account referenced in Rick's email below is an account in the name of Jim Daws Trucking, Inc. ("Corp.), a company of which Rick is not an owner or employee. This account was opened years before the LLC was formed. We understand Rick has tried to convince ANB personnel simply to change the name of the account (i.e., from Jim Daws Trucking, Inc. to Jim Daws Trucking, LLC), but they have insisted he open a new account with the new LLC using the LLC's EIN. He has failed to complete this relatively simple task. Accordingly, all transactions for the LLC, including payroll, have been run through this ANB account. Please note that only LLC transactions are run through this ANB account.

We understand that Tony Glenn responded to Rick's email below informing Rick that the ANB account must remain open until next week, as payroll will be processed Friday, September 27. In addition, there are a number of automatic payments made from this account for the benefit of the LLC. Again, Rick has been informed of this since the closing date of the asset purchase agreement, if not before. Jim agrees that all of the funds in the ANB account belong to the LLC; none of the funds are due to Jim or any other entity. It is a logistical matter of transferring the funds so that automatic payments and payroll checks will be funded.

I also write to forward you the attached email that Rick sent to other LLC employees this morning. You will see the sent time from Rick begs the question as to what his state of mind was, especially given the numerous misrepresentations and punctuation and spelling errors. The substantive message is disparaging of Jim and constitutes defamation per se. Please instruct Rick to cease and desist such disparaging communication about Jim immediately. If your client chooses to litigate, as suggested in his email, we anticipate that this, and any other relevant past and future,

communication will be a basis for a counterclaim for defamation.

Finally, in effort to minimize confusion for all parties involved, if you continue to represent Rick, we request that any demands he has, such as the fund transfers, come from you to me, rather than from Rick to Jim, especially because Jim's last day as an employee of the LLC will be Monday.

Please advise as to how you would like Jim to transfer the ANB account funds to the LLC account at UBT, in consideration of payroll and automatic payments/withdraws.

Thank you.


Best regards,

Julie M. Karavas
Attorney at Law, LLM-Tax
Karavas & Kranz, P.C.
720.943.1095 CO telephone
308.946.3071 NE telephone
308.946.2503 facsimile
julie@jkklegal.com
www.jkklegal.com

Offices in Colorado and Nebraska

*This transmission (and/or the documents attached) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege and the Electronic Communication Privacy Act, U.S.C. Section 2510-2521. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution, or the taking of any action in reliance on the contents of this information, is strictly prohibited. While precautions are taken against computer viruses, it is your responsibility to scan for their presence and we accept no liability or responsibility therefore. If you have received this transmission in error, please notify us immediately by telephone at 308-946-3071.  TAX ADVICE DISCLAIMER: Under applicable U.S. Treasury Regulations, we are required to inform you that any U.S. tax advice contained in this email or any attachment hereto is not intended or written to be used, and cannot be used, either (i) for purposes of avoiding penalties imposed under the U.S. Internal Revenue Code, or (ii) for promoting, marketing, or recommending to another party any tax-related matter addressed herein.*

| | |
|---|---|
| **From:** | Andre R. Barry |
| **To:** | Julie Karavas |
| **Cc:** | Karen Wall |
| **Subject:** | RE: Jim Daws Trucking LLC - demands from Rick |
| **Date:** | Thursday, September 26, 2024 4:24:05 PM |
| **Attachments:** | Julie Legal fees paid by JDT.pdf |

Julie:

Attached please find a report showing legal fees to your firm by Jim Daws Trucking, LLC, reflecting dates, amounts and subject matter. We're still investigative, so this report may not be comprehensive, but at this time please provide all communications and work product (including drafts) related to these matters.



**ANDY BARRY** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7143 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

---

**From:** Julie Karavas <Julie@jkklegal.com>
**Sent:** Thursday, September 26, 2024 2:10 PM
**To:** Andre R. Barry <abarry@clinewilliams.com>
**Cc:** Karen Wall <karen@jkklegal.com>
**Subject:** FW: Jim Daws Trucking LLC - demands from Rick

Andy – as I stated in a separate email, your firm's email security is rejecting my email to you with the zip file. So, I am trying this route and sending each screen shot as a separate attachment. Please confirm receipt. See below for our full response.


Julie M. Karavas
Karavas & Kranz, P.C.


**From:** Julie Karavas
**Sent:** Thursday, September 26, 2024 11:53 AM
**To:** Andre R. Barry <abarry@clinewilliams.com>
**Cc:** Karen Wall <karen@jkklegal.com>; rshortridge@perrylawfirm.com
**Subject:** RE: Jim Daws Trucking LLC - demands from Rick

Andy,

Pursuant to your request, attached is a zip file with images of the password book used by/for Jim Daws Trucking, LLC ("LLC"). Tony Glenn provided this zip file to us. We suggest Rick review it yet

today and contact Tony with any questions he may have regarding the log in/PW information.

You also requested information regarding alleged payments made by the LLC to our law firm between August 2, 2022, and September 3, 2024. Please provide us with the dates and amounts of these alleged payments. Upon receiving that detail, we should be able to determine whether we have relevant communications to share with you and address any relevant payments. We need this information because at no time has our firm ever invoiced the LLC. We only ever invoiced our client, Jim Daws, who, as you know, has a number of other interests. Any work product and communications regarding those other interests would be privileged.

Julie M. Karavas
Karavas & Kranz, P.C.

---

**From:** Andre R. Barry <abarry@clinewilliams.com>
**Sent:** Wednesday, September 25, 2024 5:37 PM
**To:** Julie Karavas <Julie@jkklegal.com>
**Cc:** Karen Wall <karen@jkklegal.com>; rshortridge@perrylawfirm.com
**Subject:** RE: Jim Daws Trucking LLC - demands from Rick

Julie:

Suffice it to say, Rick's perspective is very different from Jim's: Rick asked Jim to close the ANB account and use the LLC's UBT account instead; Jim refused.

We appreciate Jim's acknowledgment, through you, that the funds in the account all belong the LLC. I'll confer with Rick on how and when funds should be transferred to the UBT account so that payroll and other obligations are met.

With respect to Rick's email to employees, Jim left Rick no choice but to communicate with employees to try to persuade them to stay with the company. Through his closed-door meetings and other communications, in violation of his obligations as an employee, Jim ensured no one would stay. It doesn't appear that any further communications from Rick to employees will be of use in trying to persuade people to stay. We do note you haven't identified anything specific in what Rick wrote that Jim claims is false.

Rick communicated with Tony in the interest of time, given Tony's statement that he will resign on Friday. To the extent further communications are needed regarding the account transfer, we will communicate with you directly. We do request that Jim provide all logins and passwords to ensure that Rick has access to all electronic records of the LLC wherever they are

stored, and that he do so by the close of business tomorrow, September 26.

In the meantime, Jim has a duty to cooperate with Rick to return and assist in the retrieval of all equipment and other assets and not to delete or destroy any communications or other records related to the LLC or this dispute.

To be clear, it is undisputed that Jim owed fiduciary duties to the LLC and has non-compete obligations to the company. Jim has already breached his fiduciary duties, as well as the Asset Purchase Agreement, and has tortiously interfered in the company's relationships with its employees. In doing so, Jim has incurred significant liability, including an obligation to return the $10 million plus he was paid by Rick. If Jim breaches the non-compete, he will be subject to further liability. Rick intends to enforce his rights.

In addition, to pick up on a subject of prior correspondence, we note that the LLC's records show payments to your law firm from August 2, 2022, through September 3, 2024. Whether or not an engagement agreement was signed, your firm was clearly performing work on behalf of the LLC. We therefore reiterate our request for all communications and other records related to that representation.



**ANDY BARRY** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7143 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

---

**From:** Julie Karavas <Julie@jkklegal.com>
**Sent:** Wednesday, September 25, 2024 5:20 PM
**To:** Andre R. Barry <abarry@clinewilliams.com>
**Cc:** Karen Wall <karen@jkklegal.com>; rshortridge@perrylawfirm.com
**Subject:** Jim Daws Trucking LLC - demands from Rick

Andy,

Good afternoon.  I write to forward you a message Jim received from Rick this morning.  Our first instinct was to have Jim remind Rick that he is the owner of Jim Daws Trucking, LLC ("LLC") and, as such, he, and only he, has the authority to request the transfers himself. However, after speaking with Jim, we learned that Rick never opened an operating account for the LLC, despite Jim's repeated requests. Instead, the ANB account referenced in Rick's email below is an account in the name of Jim Daws Trucking, Inc. ("Corp."), a company of which Rick is not an owner or employee. This account was opened years before the LLC was formed. We understand Rick has tried to convince ANB personnel simply to change the name of the account (i.e., from Jim Daws Trucking, Inc. to Jim Daws Trucking, LLC), but they have insisted he open a new account with the new LLC using the LLC's EIN. He has failed to complete this relatively simple task. Accordingly, all transactions for the LLC,

including payroll, have been run through this ANB account. Please note that only LLC transactions are run through this ANB account.

We understand that Tony Glenn responded to Rick's email below informing Rick that the ANB account must remain open until next week, as payroll will be processed Friday, September 27. In addition, there are a number of automatic payments made from this account for the benefit of the LLC. Again, Rick has been informed of this since the closing date of the asset purchase agreement, if not before. Jim agrees that all of the funds in the ANB account belong to the LLC; none of the funds are due to Jim or any other entity. It is a logistical matter of transferring the funds so that automatic payments and payroll checks will be funded.

I also write to forward you the attached email that Rick sent to other LLC employees this morning. You will see the sent time from Rick begs the question as to what his state of mind was, especially given the numerous misrepresentations and punctuation and spelling errors. The substantive message is disparaging of Jim and constitutes defamation per se. Please instruct Rick to cease and desist such disparaging communication about Jim immediately. If your client chooses to litigate, as suggested in his email, we anticipate that this, and any other relevant past and future, communication will be a basis for a counterclaim for defamation.

Finally, in effort to minimize confusion for all parties involved, if you continue to represent Rick, we request that any demands he has, such as the fund transfers, come from you to me, rather than from Rick to Jim, especially because Jim's last day as an employee of the LLC will be Monday.

Please advise as to how you would like Jim to transfer the ANB account funds to the LLC account at UBT, in consideration of payroll and automatic payments/withdraws.

Thank you.


Best regards,

Julie M. Karavas
Attorney at Law, LLM-Tax
Karavas & Kranz, P.C.
720.943.1095 CO telephone
308.946.3071 NE telephone
308.946.2503 facsimile
julie@jkklegal.com
www.jkklegal.com

Offices in Colorado and Nebraska

*This transmission (and/or the documents attached) may contain confidential information belonging to the sender,*

*which is protected by the attorney-client privilege and the Electronic Communication Privacy Act, U.S.C. Section 2510-2521. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution, or the taking of any action in reliance on the contents of this information, is strictly prohibited. While precautions are taken against computer viruses, it is your responsibility to scan for their presence and we accept no liability or responsibility therefore. If you have received this transmission in error, please notify us immediately by telephone at 308-946-3071.  TAX ADVICE DISCLAIMER: Under applicable U.S. Treasury Regulations, we are required to inform you that any U.S. tax advice contained in this email or any attachment hereto is not intended or written to be used, and cannot be used, either (i) for purposes of avoiding penalties imposed under the U.S. Internal Revenue Code, or (ii) for promoting, marketing, or recommending to another party any tax-related matter addressed herein.*

Run Date: 09/12/24  
Run Time: 5:55:08 PM  
Page No: 1  

# JIM DAWS TRUCKING LLC

Vendor/Invoice Report(most recent date to oldest date)  
Invoice Dates: 05/01/2022-09/30/2024  (for one vendor KARAVAS & KRANZ, P. C.)

| Invoice Date | Invo Number | Invoice Description | Amount | Check Date | Check Number | Check Amount |
|---|---|---|---|---|---|---|
| **KARKRA** | **KARAVAS & KRANZ, P. C.** | | | | | |
| 09/03/24 | 8477 | HR MATTER | 87.00 N | | | |
| | | 72930.9000    Consulting | 87.00 | | | |
| 07/01/24 | 8318 | 7/1-16/24 LEGAL (DAWS EXPENSE) | 247.00 Y | 07/11/24 | 201973 | 247.00 |
| | | 20040.9000    Driver Reimbursements | 247.00 | | | |
| | | 10511.9000    A/R - Other | .00 | | | |
| 06/06/24 | 7956 | LEGAL - DOT NUMBER | 836.05 Y | 06/07/24 | 116934 | 836.05 |
| | | 72930.9000    Consulting | 836.05 | | | |
| 06/06/24 | 8081 | LEGAL - DOT NUMBER | 1,359.68 Y | 06/07/24 | 116934 | 1,359.68 |
| | | 72930.9000    Consulting | 1,359.68 | | | |
| 12/01/23 | 7506 | TRADEMARK REGISTRATION | 937.50 Y | 12/14/23 | 201576 | 937.50 |
| | | 72930.9000    Consulting | 937.50 | | | |
| 11/01/23 | 7406 | 10/17/23 STATUS OF ENTITIES | 96.00 Y | 11/13/23 | 115513 | 96.00 |
| | | 72930.9000    Consulting | 96.00 | | | |
| 10/02/23 | 7302 | RESEARCH ESCROW LEGALITY NEBRASKA | 517.00 Y | 10/16/23 | 115325 | 517.00 |
| | | 72930.9000    Consulting | 517.00 | | | |
| 09/01/23 | 7196 | LEGAL - CRIS COOVER - 8/1 - 8/10 | 192.50 Y | 09/14/23 | 201315 | 192.50 |
| | | 20040.9000    Driver Reimbursements | 192.50 | | | |
| 08/01/23 | 7077 | CRIS COOVER ROSEBURG OREGON LEGAL | 614.00 Y | 08/10/23 | 201209 | 614.00 |
| | | 20040.9000    Driver Reimbursements | 614.00 | | | |
| 03/01/23 | 6311 | CONSULT OVER NAME CHANGE | 145.00 Y | 03/13/23 | 113801 | 145.00 |
| | | 72930.9000    Consulting | 145.00 | | | |
| 02/02/23 | 6401 | NETRADYNE CONTRACT REVIEW | 128.00 Y | 02/13/23 | 200706 | 128.00 |
| | | 72930.9000    Consulting | 128.00 | | | |
| 12/02/22 | 6188 | LEASE DOCS, DOT ISSUE | 192.00 Y | 12/12/22 | 200534 | 192.00 |
| | | 72930.9000    Consulting | 192.00 | | | |
| 11/03/22 | 5981 | O/O DOCS REVISION | 1,942.00 Y | 11/17/22 | 200443 | 1,942.00 |
| | | 72930.9000    Consulting | 1,942.00 | | | |
| 09/19/22 | 5506 | LEGAL WORK - SALE | 7,930.23 Y | 09/22/22 | 200212 | 7,930.23 |
| | | 72930.9000    Consulting | 7,930.23 | | | |
| 08/02/22 | 5785 | 7/8,11/22 UNEMPLOYMENT REPRESENTATION QUESTIONS | 128.00 Y | 08/11/22 | 200058 | 128.00 |
| | | 72930.9000    Consulting | 128.00 | | | |
| | | | **15,351.96** | | | |
| **TOTAL REPORT** | | | **15,351.96** | | | |

| | |
|---|---|
| **From:** | Andre R. Barry |
| **To:** | Julie@jkklegal.com |
| **Cc:** | Karen Wall; Henry L. Wiedrich; Maddie C. Hasley |
| **Subject:** | RE: Lease & Emails |
| **Date:** | Wednesday, October 2, 2024 10:36:12 AM |

Julie:

The position outlined in my email below is not, as you assert, a matter of opinion. The applicable legal rule, which I referenced in my email, is that for documents sent through email to be protected by attorney-client privilege, there must be a subjective expectation of confidentiality that is found to be objectively reasonable. *Doe 1 v. George Washington University*, 480 F. Supp. 3d 224, 226 (D.D.C. 2020). As the party seeking to claim the privilege, Jim (or, if he was communicating on behalf of another entity, that entity) has the burden of showing it has not been waived. *Id.*

As reflected in case law, including *Doe*, your statement that an email not determined to be confidential may nonetheless be privileged is wrong as a matter of law.

Jim can't make a showing that he had any expectation of confidentiality, let alone one that was objectively reasonable.

The relevant employee handbook is the one purchased by JDT, along with all the other assets of the business. As you and I discussed earlier this week, Jim must have approved this handbook, which you presumably wrote. It remained in effect after the sale. Even if the employee handbook did not exist, Jim was not an ordinary employee. He knew he had sold the tangible and intangible assets of the business to Rick. As you acknowledge, the server was a tangible asset. The emails are clearly intangible assets of the business. It makes no sense to suggest the email accounts were intangible assets of the business, but the emails contained in those accounts were not. The employee handbook said they were company property. Despite this, Rick never asked for emails to be destroyed and returned to him. He simply continued to use his JDT email account as if he owned the company, which he clearly did not, in the same way he used other assets of the company for his personal benefit. To the extent Jim was using email to facilitate breaches of fiduciary duty, the emails are also not protected by privilege under the crime-fraud exception in Neb. Rev. Stat. 27-503(4)(a).

We decline your request to destroy emails. We will retain them as evidence. Now that we have filed suit in federal court, you may request a ruling on any claims of privilege from the court. That is the approach that was followed in *Doe*. Please let us know if you intend to seek such direction and, if so, when you intend to do so. If you do intend to litigate these issues, we will ask the vendor to generate a log of all emails exchanged between Jim and your firm, with date, author, recipients, and subject, which can be shared with both

sides and the court, so any claims of privilege can be fully vetted.

For the sake of clarity, we disagree with your assertions that any emails between Jim and your firm are privileged. Because we are unsure whether Jim and other employees retained all emails, we reiterate JDT's request for all communications and other records in your file for any of the matters on which your firm received payment from JDT. This would include communications internal to your firm or with persons other than Jim.

We are in the process of changing the registered agent for Jim Daws Trucking, LLC, with the Secretary of State, and expect that to be completed today. We will let you know when it is done.



**ANDY BARRY** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7143 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

---

**From:** Julie Karavas <Julie@jkklegal.com>
**Sent:** Tuesday, October 1, 2024 11:52 AM
**To:** Andre R. Barry <abarry@clinewilliams.com>
**Cc:** Karen Wall <karen@jkklegal.com>
**Subject:** RE: Lease & Emails

Andy,

This email is in response to the email portion of your email. First, regardless of relevance, we are unaware of any employee handbook issued by Jim Daws Trucking, LLC ("LLC"). Any handbook used by any of the entities of which Jim was an owner are irrelevant. To the extent that you are relying on provisions of an employee handbook issued by the LLC, we request a copy, along with the signed receipt of the handbook by Jim.

We are responding to your email of personal opinion, void of legal citations, with our position. Until his resignation, Jim oversaw operations and management of the LLC, not only with Rick's approval, but at Rick's insistence. Jim was not merely an employee, as evidenced by the name Rick chose for the LLC, and consented to by Jim, evidence of his goodwill.

Your use of the word confidential is not synonymous with the word privileged. Even if the emails may be determined to not be confidential, to the extent they meet the legal definition of privileged, the communication will be privileged. At a minimum, we remind you:

1. All email communication existing on the server prior to the closing on May 4, 2022, need to be destroyed or delivered to us. Past emails are not part of the assets being sold in an asset transaction, unless specifically identified in the APA, which here, they were not. You are

    correct that the server itself (tangible) and the domain (intangible) were purchased;
2. All email communication between Jim and our office from September 10, 2024, the date you contacted me on behalf of Rick threatening litigation, thru September 27, 2024, are privileged;
3. All email communication between Jim and our office for purposes of seeking legal advice for himself and/or another business he owns and/or manages is privileged regardless of the date of the email(s);
4. Jim's email history since the May 2022 closing likely includes communication regarding his interests, separate and apart from LLC business, and not in conflict or competition with the LLC business.  For example, Jim may have communication regarding his personal estate planning.  Jim's employer, the LLC, is not prohibited from monitoring his email exchanges, <u>provided there is a valid business purpose</u> for doing so.  Rick's desire to simply snoop in all of Jim's communication is not a valid business purpose.
5. Rick now has all the communications and work product (including drafts) we ever shared with LLC personnel that are covered by the invoices you identified and inquired about last week, which apparently the LLC paid for and, if related to LLC business <u>after</u> May 4, 2022, we agree would not be privileged. Accordingly, we consider your request satisfied.

Lastly, while I have you, Rick needs to change the Registered Agent of the LLC from us to anyone else. Please have him do so by the close of business tomorrow, Wednesday, October 2, 2024.


Julie M. Karavas
Karavas & Kranz, P.C.

---

**From:** Andre R. Barry <abarry@clinewilliams.com>
**Sent:** Monday, September 30, 2024 2:00 PM
**To:** Julie Karavas <Julie@jkklegal.com>
**Cc:** Karen Wall <karen@jkklegal.com>
**Subject:** Lease & Emails

Julie:

I'm writing to follow up on our conversation earlier today related to JDT LLC's lease and the emails on its server.

**Lease**

We agree with you that there's no written lease. As a result, the lease is month-to-month. JDT will pay the rent of $7250 to J & L (through Jim) today or tomorrow. If J & L wishes to terminate the lease, it will need to provide at least 30 days' notice. It's my understanding that Rick intends to find a new place for the operations of JDT and would like to do so within 30 days. As a specific plan develops, including a plan for the buildings JDT purchased,

we'll let you know.

**Emails**

As I stated on the phone, JDT retains possession of all emails on its email server. We have reviewed the Asset Purchase Agreement, the Employee Handbook used at JDT, and the payment records showing JDT has been paying your firm for legal work and have concluded that no emails between Jim and your firm are protected by the attorney client privilege.

JDT purchased the entire business of Daws Inc., including the server and all intangible assets, in the Asset Purchase Agreement you drafted. These intangible assets included the firm's email accounts. The Employee Handbook also warned that computer data is owned by the company and may be viewed by the company, and that company computers should not be used for personal business:

> <u>Computers</u> - **All data entered on the Company's computers is considered the property of the Company.** No employees should knowingly enter false or misleading information in the Company's computer system or destroy any data, which the Company needs to conduct its business. **Please realize that for various reasons, the Company will access your equipment. As a result, your computer should not be used for personal business even during nonworking time if you don't want the Company to see your personal documents.** Unauthorized access to any computer, computer system, computer software or computer program is specifically prohibited. Violators will be prosecuted to the fullest extent allowed by civil or criminal law.
>
> <u>Electronic Mail</u> - Electronic mail (E-mail) is to be used primarily for business purposes and only for personal reasons during nonworking time. **Like your computer, the Company may need to access your E-mail for various reasons. You should be aware that such messages are not entirely confidential.** They can be forwarded to others without the original sender's knowledge. E-mail can be viewed by others who may improperly use a password to breach the security of the system. In addition, disclosure of E-mail messages may be required in lawsuits against the Company. As a rule of thumb, nothing should be sent by E-mail that you would not put in a formal memo or that you would not like to become public knowledge. Do not use derogatory, offensive or insulting language in any E-mail message.

Jim's use of email to communicate with you adverse to Rick and JDT was personal to him; it was not use for the benefit of JDT. In addition, Jim knew he had sold the servers and the entire business to JDT, and by extension, to Rick and Ricky. Knowing that, Jim still chose to send emails to you on a computer system owned by JDT, despite warnings that all data on that system is property of JDT, that his computer would be accessed by JDT, and that he should not use his computer for personal business. If Jim actually

believed JDT would not access his emails, such a belief was not objectively reasonable, particularly when was using JDT's email server to conduct a campaign against JDT and its owners, and JDT was paying not only for the server and internet support, but was paying your legal bills for work performed for the benefit if Jim adverse to JDT. Under these circumstances, the emails Jim sent and received using JDT's server are not confidential. No privilege attaches to Jim's email communications with you, and if any privilege did attach, it has been waived.

If you disagree with this conclusion, please let us know by 5 p.m. tomorrow and provide the basis for your disagreement.



ANDY BARRY | Partner
CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7143 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke