IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JIM DAWS TRUCKING, LLC, | ) CASE NO. 4:24-CV-3177 |
| Plaintiff, | ) |
| v. | ) **DECLARATION OF THOMAS** |
| | ) **D. KRANZ** |
| DAWS, INC.; JAMES R. DAWS; LANA R. DAWS; DAWS TRUCKING, INC.; and COLUMBUS TRANSPORTATION & LOGISTICS, LLC, | ) ) ) ) |
| Defendants. | ) |

I, Thomas D. Kranz, hereby declare as follows:

1. I am above the age of nineteen and am competent to testify. I have personal knowledge of all facts set forth herein.

2. I am an attorney licensed to practice law in the states of Colorado and Nebraska. I am a partner in the law firm of Karavas and Kranz, P.C. For many years, our law firm has provided legal services to Jim Daws and companies affiliated with him.

3. Attached as Exhibit A is a true and correct copy of an e-mail string relating to communications between Mr. Daws and our law firm relating to a third-party notifying Mr. Daws on November 10, 2023, that an entity from North Carolina was intending to file an application to register the trademark "Daws Trucking."

4. Based on Mr. Daws' statement that "I want to protect the name if possible" and his confirmation that it is the only name "we have had since 2002," on

1

**EXHIBIT 1**

November 14, 2023, I filed an application to register "Daws Trucking" as a trademark with the United States Patent and Trademark Office.

5. I did not provide Mr. Daws with a draft of the registration application before I filed it. I did not consult with Mr. Daws about what company should file the trademark application, and Mr. Daws did not instruct me as to which company should file the application. I alone chose to file the application under the name "Daws Trucking, Inc." because that was the company I was most familiar with. To the best of my knowledge, the e-mail attached as Exhibit A is the totality of communications my firm had with Mr. Daws regarding registering the trademark.

6. At no time, did Mr. Daws indicate to our firm that he wanted to register the "Daws Trucking" trademark so that he could use that trademark to compete with Jim Daws Trucking, LLC ("JDT"). It was my understanding that the sole reason Mr. Daws asked our firm to register the trademark is because he received the e-mail attached as Exhibit A indicating a company from North Carolina was attempting to apply to register the "Daws Trucking" name, and asked our legal advice what he could do to protect the name.

7. I have reviewed that part of Filing 40, JDT's brief in response to Defendants' Motion for a Protective Order, which refers to "The fraudulent trademark application for 'Daws Trucking' that Jim pursued on his own behalf without authorization from JDT." I strongly disagree with this characterization. In filing the trademark application under the name "Daws Trucking, Inc." I did not intend to, and did not, defraud anyone, nor do I believe that Mr. Daws intended to defraud anyone,

nor actually defrauded anyone. The goal was simply to protect the Daws Trucking name from a purported filing by a company in North Carolina. It is my understanding that Mr. Daws has offered to have Daws Trucking, Inc. assign the registration to JDT multiple times, but I have not received any paperwork from JDT to accomplish this.

I declare, under penalty of perjury, that the foregoing declaration, executed on the 8th day of December, 2024, at Broomfield, Colorado, is true and correct.

_____
Thomas D. Kranz

3323007

**To:** Jim Daws[jim@daws-trucking.com]
**Cc:** Julie Karavas[julie@jkklegal.com]
**From:** Thomas D. Kranz
**Sent:** Tue 11/14/2023 6:28:59 PM
**Subject:** RE: Trademark Infringement On Business Name Response Consent
**Received:** Tue 11/14/2023 6:29:16 PM
14nov23 Filing Receipt for Trademark Application.pdf

Jim,

Good news. I submitted a trademark registration application for "Daws Trucking" this morning. See attached filing receipt. We used to hear from the USPTO 3-4 months later. Now, the current timeline is about 6 months. While we wait, you should keep using the mark. As soon as we hear anything, we will let you know. Have a great rest of your week.

Sincerely,

Thomas Kranz, Esq.
Karavas & Kranz, P.C.
1123 Spruce Street, Suite 200
Boulder, CO 80302
720-943-1097 telephone
308-946-2503 facsimile

www.jkklegal.com

*Confidentiality Notice: This e-mail and any attachments contain information from the law firm of Karavas & Kranz, P.C., and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communication or work product. Any dissemination of the e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.*

---

**From:** Jim Daws <jim@daws-trucking.com>
**Sent:** Friday, November 10, 2023 2:06 PM
**To:** Thomas D. Kranz <thomas@jkklegal.com>
**Subject:** Re: Trademark Infringement On Business Name Response Consent

Thomas,

Yes Daws Trucking is the only name we have had since 2002. Please start the paperwork!

Thanks

Jim Daws

---

**From:** Thomas D. Kranz <thomas@jkklegal.com>
**Sent:** Friday, November 10, 2023 2:03 PM
**To:** Jim Daws <jim@daws-trucking.com>; Julie Karavas <Julie@jkklegal.com>
**Subject:** RE: Trademark Infringement On Business Name Response Consent

Jim,

I would be happy to help you apply for UPSTO trademark registration of the trade name/mark "Daws Trucking." (USPTO trademark registration provides you nationwide trademark protection, not just protection in the area where you operate business.) Normally, an applicant cannot trademark a trade name/mark if the trade name/mark consists only of a surname (i.e., Daws) and a descriptor (i.e., Trucking) . . . unless the trade name/mark has acquired its own distinctiveness or a secondary meaning. If the applicant has exclusively and continuously used the trade name/mark for the last 5+ years, there is a rebuttal (by the USPTO) presumption that it has acquired distinctiveness and/or a secondary meaning. Can you confirm that you have exclusively and continuously using "Daws Trucking" since April 30, 2002, which is the date of you entity's formation (per the Nebraska SOS)? If not, since when? If at least 5

**EXHIBIT A**

years, the odds are good that you will be able to register the mark; we just can't guarantee it.

I will have a few more questions for you when I start the application. Let me know if you have any questions or comments in the meantime.

Best regards,

Thomas D. Kranz
Karavas & Kranz, P.C.
720.943.1095 CO telephone
308.946.3071 NE telephone
308.946.2503 facsimile

www.jkklegal.com

Offices in Colorado and Nebraska

*Confidentiality Notice: This e-mail and any attachments contain information from the law firm of Karavas & Kranz, P.C., and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communication or work product. Any dissemination of the e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.*

**From:** Jim Daws <jim@daws-trucking.com>
**Sent:** Friday, November 10, 2023 9:54 AM
**To:** Julie Karavas <Julie@jkklegal.com>
**Cc:** Thomas D. Kranz <thomas@jkklegal.com>
**Subject:** Re: Trademark Infringement On Business Name Response Consent

I want to protect the name if possible

Sent from my iPhone

> On Nov 10, 2023, at 10:43 AM, Julie Karavas <julie@jkklegal.com> wrote:
>
> Jim,
>
> I copy Thomas on this email as he addresses Trademark issues on a regular basis.  It appears this is marketing type email, but, it raises a good point.   If you want to protect the name, after all the years you have used the name, you may want to consider registering it.   I'll let Thomas respond in more detail when he has a moment.
>
>
>
> Julie M. Karavas
> Karavas & Kranz, P.C.

**From:** Jim Daws <jim@daws-trucking.com>
**Sent:** Friday, November 10, 2023 9:31 AM
**To:** Julie Karavas <Julie@jkklegal.com>
**Subject:** Fw: Trademark Infringement On Business Name Response Consent

---

**From:** Jaisa Douty <Jaisa@daws-trucking.com>
**Sent:** Friday, November 10, 2023 10:28 AM
**To:** Jim Daws <jim@daws-trucking.com>

**From:** michael@trademarkswift.com <michael@trademarkswift.com>
**Sent:** Friday, November 10, 2023 10:24 AM
**To:** Jaisa Douty <Jaisa@daws-trucking.com>
**Subject:** Trademark Infringement On Business Name Response Consent

Hello Jaisa Douty

Hope you are doing well.

You're receiving this email from the legal department of Trademark Swift.

An applicant is intending to file an application with the **USPTO** for the trademark registration of the brand name **"Daws Trucking"** from North Carolina. While searching for this brand name, your information appeared. According to online research, your brand is not registered with the **USPTO** and anyone can register this brand name under their information.

Since the **USPTO** treats applications on a first-come, first-served basis, the other applicant will be respected if you are not using the brand name **"Daws Trucking"** in commerce and are unwilling to register the trademark so.

We would appreciate it if you can revert to us ASAP, in case of no objection is raised from you, so the other applicant will be allowed to begin their registration following the standard examination and filing procedure with **USPTO**.

**However, there's a bit of a time-sensitive issue. Another applicant is also looking to trademark the same business name as yours under their ownership, and if we don't move forward with you to register with USPTO for trademarking, they could have federal rights and you will lose rights to use this name legally and they can file a case against you they can own your profit since they have rights of the brand name.**

**As per the Act of 1946 §§ 1051 et seq, it is mandatory to register your mark to hold the ownership rights federally.**

We are looking forward to your response.

**Thanks & regards,**