# KARAVAS & KRANZ, P.C.

Attorneys at Law

**JULIE M. KARAVAS\***
**THOMAS D. KRANZ\***

\*Admitted in Colorado and Nebraska

**1615 17th Ave**
**PO Box 118**
**Central City, NE  68826**

Phone: (308) 946-3071
Fax: (308) 946-2503

***www.jkklegal.com***

September 17, 2024

**Via:  Email (*abarry@clinewilliams.com*)**

Andre Barry
Cline Williams
233 South 13th Street
1900 US Bank Building
Lincoln, NE  68508-2095

> Re:    Jim Daws Trucking, LLC
> **Communications Pursuant to NRE and FRE 408**

Dear Andy:

We write in response to your letter of September 10, 2024, wherein, on behalf of Rick Fernandez ("Rick"), you issued a demand for our client, Jim Daws ("Jim"), to pay $3 million to purchase the assets of Jim Daws Trucking, LLC ("LLC").  As anticipated, Jim rejects your client's offer. Jim also hereby notifies Rick and the LLC of his retirement as an employee of the LLC, effective 5:00 p.m. on Monday, September 30, 2024.

Regarding Jim's continued involvement with the LLC, he has only worked as an employee of the LLC since the sale of the assets pursuant to an informal agreement between Jim and Rick. (They did not want or sign a written employment agreement.) Jim has done so, but not to the exclusion of Rick or his son, rather, at the insistence of Rick. Out of necessity due to your client and his son's absenteeism, Jim has managed the operations of the LLC and even continues to drive trucks for the LLC, hauling loads at all hours just as the hired drivers and owner operators do, As a result, the LLC reports (positive) net income on the LLC books, and, as presented in the Agency Valuation and Accountant's Compilation Report, dated July 31, 2024, previously shared with Rick, the valuation of the LLC is $567,361, due to the positive effect of Jim's goodwill on the stream of income. These are facts, among others, that confirm Jim has fully complied with his contractual duties under the parties' asset purchase agreement, including, namely, the transferring of his goodwill, and that refute Rick's cursory and unfounded allegations to the contrary. Simply

Offices

8540 Executive Woods Drive
Lincoln, NE 68512
Phone: 402-423-9455

1123 Spruce Street, Suite 200
Boulder, Colorado 80302
Phone: 720-943-1095

**EXHIBIT**

**2**

# KARAVAS & KRANZ, P.C.

September 17, 2024
Page 2

put, the LLC would have failed by now if not for Jim's continued and loyal employment and conveyance of goodwill.

Regarding the allegations that Jim is competing with the LLC, Rick needs to be reminded that three entities of which Jim is a partial owner lease all the tractors owned by those three entities exclusively to the LLC with Rick's knowledge and approval predating the execution of the parties' agreement. Specifically, J & L Enterprises, LLC owns and leases 12 tractors, JLD Truck Lines, LLC owns and leases 9 tractors, and Loyal Trucking LLC, owns and leases 12 tractors. We understand these tractors comprise approximately one-third of the tractors used by the LLC. The leasing of the tractors does not compete with the business of the LLC, but instead supports it and has allowed it to profit under Jim's management and with Rick's consent.

The allegation of Jim self-dealing, including, by selling a truck to himself at below market rate, is also unfounded, if not defamation *per se*. When I asked you for more detail on this specific allegation, you told me this was the sale of truck #90 to John Vance ("Vance"), apparently conceding that it was not a sale to Jim himself. The LLC financed the sale of the truck to Vance, with market rate interest, and we understand Vance paid this loan in full. The balance on driver loans appears on the LLC balance sheet prepared by Tony Glenn and provided to Rick no less than weekly.

As for the US DOT number, Rick and his previous counsel have been repeatedly informed that Daws, Inc., never owned a US DOT number or any other type of federal or state regulatory number. We understand the US DOT number that Rick wants is in fact owned by Daws Trucking, Inc., a separate entity not a party to the subject asset purchase agreement. There is nothing preventing Rick from obtaining his own unique US DOT number for the LLC, except for Rick himself.

We have already provided more information than necessary, with the hope that by doing so, Rick will finally take responsibility for his own business ventures and quit misplacing blame on Jim for your client's debt. Rick's debt servicing challenges are not Jim's responsibility. Jim has not breached his duties under their agreement and ironically has provided more goodwill to Rick than required. In light of your client's demand letter, Jim is no longer interested in, nor does he have the obligation of, repurchasing the assets from the LLC, and he wishes Rick well.

Sincerely,

KARAVAS & KRANZ, P.C.

Julie M. Karavas

JMK/kaw
cc:    Rob Shortridge (via email: rshortridge@perrylawfirm.com)