# LOYAL TRUCKING, L.L.C.
# REDEMPTION GREEMENT

This Redemption Agreement ("Agreement") is entered into effective this 29th day of October, 2024, by and between Loyal Trucking, L.L.C., a Nebraska limited liability company ("Company"), and James R. Daws ("Daws").

## RECITALS

A.      Daws owns one-third or 33.33% of the total ownership shares ("Membership Interest") in and to the Company. Daws, Corey M. Stull, and Stanley V. Craig are the only three members of Company.

B.      Company desires to redeem all Daws's Membership Interest on the terms and conditions set forth below.

C.      Daws desires to sever his relationship with the Company as a member, manager, officer, and/or employee.

D.      Daws desires to sell to Company and Company desires to redeem the Membership Interest on the terms and conditions set forth below.

In consideration of the foregoing recitals and the mutual covenants and agreements contained in this Agreement, and for other good and valuable consideration, the parties agree as follows:

## SECTION ONE
## Redemption Price

Member agrees to sell to Company, and Company agrees to buy from Member, the Membership Interest of Daws in exchange for a total purchase price of Six Hundred Sixty-Six Thousand Six Hundred Sixty-Seven and no/100 dollars ($666,667.00) ("Redemption Price"), which shall be paid to Daws by Company as follows:

A.      Ten Thousand and no/100 dollars ($10,000.00) in cash or other certifiable funds; and

B.      The remaining balance of Six Hundred Fifty-Six Thousand Six Hundred Sixty-Seven and no/100 dollars ($656,667.00) pursuant to the terms of a promissory note in the form of which is attached as Exhibit A and incorporated herein.

## SECTION TWO
## Payment to Member and Closing

The closing under this Agreement shall be on November 1, 2024. At closing, Company shall pay to Daws the sum of Ten Thousand and no/100 dollars ($10,000.00) in cash or other

certifiable funds and deliver to Daws an executed promissory note consistent with Section One above. In return, Daws shall deliver to Company an assignment transferring to Company the Membership Interest, together with all rights and privileges appurtenant thereto, free and clear of all liens and encumbrances, in the form of which is attached as Exhibit B and incorporated herein.

## SECTION THREE
### Further Acts

After the closing, each party shall, on the reasonable request of the other party, execute and deliver in proper form any instruments and documents and perform any acts necessary or desirable for perfecting in the other party title to all items intended to be transferred under this Agreement and putting that party in actual possession of the items.

## SECTION FOUR
### Modification and Termination

This Agreement may not be modified or terminated orally, and no modification, termination, or attempted waiver shall be valid unless in a writing signed by the party against whom the same is sought to be enforced.

## SECTION FIVE
### Binding Effect

The provisions of this Agreement shall be binding on, inure to the benefit of, and apply to the respective heirs, executors, administrators, successors, and assigns of the parties.

IN WITNESS WHEREOF, the parties hereby have executed this Agreement effective as of the day and year first above written.

Loyal Trucking, L.L.C., a Nebraska limited liability company

By: _____
Corey M. Stull, Member

By: _____
Stanley V. Craig, Member

_____
James R. Daws, Member and Individually

# PROMISSORY NOTE

$656,667.00

Effective date of note: <u>November 1, 2024</u>

FOR VALUE RECEIVED, from and after the date of this note, the undersigned, Loyal Trucking, L.L.C., a Nebraska limited liability company ("Borrower"), promises to pay to the order of Jim Daws, an individual ("Lender"), the principal sum of $656,667.00 with 3.70% per annum interest on the unpaid principal balance from the date of this Promissory Note ("Note"), until paid in full. Principal and interest payments shall be payable in five annual installments each in the amount of $144,057.89 commencing on June 1, 2025, and continuing annually on the first day of June thereafter until the entire principal balance is paid in full.

If Borrower fails to make a timely annual installment payment, Lender may declare the entire unpaid balance of this Note due and payable after giving Borrower notice in writing granting ten (10) days to correct the default from the date of the mailing of the Notice. Lender's failure to exercise such option upon Borrower's default shall not be constructed as a waiver to exercise such option upon a subsequent default by Borrower.

If any of the following additional events of default occur, this Note and any other obligation of Borrower to Lender, shall become due immediately, without demand or notice: (1) filing of a voluntary bankruptcy by Borrower or an involuntary bankruptcy against Borrower; and (2) application for the appointment of a receiver for, or making of a general assignment for the benefit of creditors by, or insolvency of Borrower.

In the event of default, Borrower agrees to pay all costs of collection incurred by Lender, including reasonable attorney's fees.

Presentment, notice of dishonor, and protest are hereby waived by all Borrower under this Note. This Note shall be the joint and several obligation of all Borrowers, and endorsers, and shall be binding upon them and their successors and assigns.

No renewal or extension of this Note, delay in enforcing any right of Lender under this Note, or assignment by Lender of this Note shall affect the liability of Borrower. All rights of Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Payee's option.

Borrower shall have the right to prepay any additional principal amounts at any time without penalty. Any such additional prepayments will be applied to the principal balance then existing under this Note.

This Note shall be governed by and interpreted in accordance with the laws of the State of Nebraska.

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operational.

DAWS0002769

**EXHIBIT B**

## LOYAL TRUCKING, L.L.C.
## ASSIGNMENT AGREEMENT

The undersigned current member of Loyal Trucking, L.L.C., a Nebraska limited liability company ("Company"), for good and valuable consideration, the receipt of which is hereby acknowledged, does hereby sell, assign, grant, transfer, and convey all the undersigned's ownership shares in and to the Company to the Company. Such shares constitute one-third or 33.33% of the total outstanding ownership shares in the Company. This assignment shall be effective as of November 1, 2024.

Dated this 29th day of October, 2024.

_____
James R. Daws

STATE OF NEBRASKA      )
                                              )ss
COUNTY OF Seward  )

The foregoing instrument was signed and acknowledged before me by James R. Daws this 29th day of October, 2024, either personally known to me or identified by me through satisfactory evidence as required by law.

Witness my hand and Notarial Seal the day and year last above written.

Ranae Muenchrath
General Notary, State of Nebraska
My Commission Expires 07/16/2028

_____
Notary Public

## ACCEPTANCE OF ASSIGNMENT OF SHARES

Corey M. Stull and Stanley V. Craig, as the sole remaining members of the Company, do hereby accept the assignment of all James R. Daws's ownership shares in and to the Company.

Dated this 29th day of October, 2024.

_____
Corey M. Stull, Member

_____
Stanley V. Craig, Member

Borrower guarantees the prompt payment of this Note and each installment when due, in accordance with all terms and conditions hereunder, and agrees to all terms and conditions hereunder.

Executed this 29 day of October , 2024.

Loyal Trucking, L.L.C., a Nebraska limited liability company

By: _Corey M Stull_
Corey M. Stull, Member

By: _Stanley V Craig_
Stanley V. Craig, Member