$3,500,000.00
PROMISSORY NOTE ("Trailer Note")
given by
Jim Daws Trucking, LLC
to
Union Bank and Trust Company

Dated: May 1, 2022                At: 4243 Pioneer Woods Dr., Lincoln, Nebraska 68506

FOR VALUE RECEIVED, the undersigned, Jim Daws Trucking, LLC, a Nebraska limited liability company (the "Borrower"), hereby promises to pay to the order of Union Bank and Trust Company, a Nebraska state bank, or its assigns (the "Holder" or "Lender"), at its offices at 4243 Pioneer Woods Dr., Lincoln, Nebraska, 68506 or at such other place as the Holder may, from time to time, designate in writing, the principal sum of Three Million Five Hundred Thousand and 00/100 Dollars ($3,500,000), or, if less, the aggregate unpaid principal amount of all advances made by the Holder to the Borrower on this Trailer Loan as contemplated by that certain Master Loan Agreement between the Lender and the Borrower dated May 1, 2022 (together with any amendment or modification thereto, the "Loan Agreement"); together with interest on any and all principal amounts remaining unpaid hereunder from time to time outstanding from the date hereof until the principal amount becomes due, fixed at a per annum rate of 4.29%. Interest shall be computed on the basis of 360 days per year, but charged for the actual number of days principal is unpaid. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Trailer Note. Notwithstanding anything herein to the contrary, in no event shall the interest rate borne by this Note exceed the maximum lawful rate.

This Trailer Note will be paid according to the following schedule:

Borrower promises to pay monthly payments of principal and interest commencing on June 1, 2022, based upon a 7-year mortgage style amortization as calculated by the Lender. One final balloon payment shall be due on May 1, 2029 ("Trailer Maturity Date") in an amount equal to the then unpaid principal and accrued and unpaid interest and any other charges or sums owed the Lender under the Loan Documents, including reasonable service charges.

The proceeds of this Trailer Note shall be disbursed pursuant to the terms and conditions of the Loan Agreement.

This Trailer Note shall be secured by, among other things, all property pledged in the Collateral Documents and any other collateral which may be pledged to the Borrower to the Lender from time to time and by all other terms and conditions of any of the Loan Documents.

If any required payment is more than fifteen (15) days late, then at Lender's option, Lender will assess a late payment charge of $50.00.

1

To the maximum extent allowed by any applicable law, at all times after the occurrence and during the continuance of an Event of Default, interest shall accrue hereunder at a rate equal to 16% per annum (the "Default Rate"), calculated on the actual/360 day basis. All sums remaining unpaid on this Trailer Note after the Maturity Date shall accrue interest at the Default Rate until paid in full.

If any interest rate, late charge, fee or cost provided for herein shall exceed that which is allowed pursuant to any applicable statute or law, said amount shall be deemed by the parties hereto to be modified so as to conform to and equal the maximum amount allowed by said statute or law.

All of the agreements, conditions, covenants, provisions and stipulations contained in the Loan Agreement and Loan Documents are hereby made a part of this Trailer Note to the same extent and with the same force and effect as if they were fully set forth herein. Time is of the essence hereof. In the event of any default in the payment of any principal, interest or other indebtedness due hereunder, or if any other Event of Default occurs, then the Holder may, at its right and option, declare immediately due and payable the principal balance of this Trailer Note and any unpaid interest accrued hereon to the date of declaration, together with any reasonable attorneys' fees incurred by the Holder in collecting or enforcing payment thereof, whether suit be brought or not, and all other sums due hereunder or under the Loan Documents, and payment thereof may be enforced and recovered in whole or in part at any time by one or more of the remedies as provided in the Loan Documents. The Holder may extend the time of payment of interest and/or principal of this Trailer Note without notice to or consent of any party liable hereon and without releasing such party.

The Borrower and any Guarantor, surety or endorser hereby waives demand, presentment, notice of nonpayment, protest, notice of protest, notice of dishonor and diligence in collection and agree that without any notice the Holder hereof may take and/or release additional security herefor or the Holder hereof may, from time to time, release any part or parts of the Collateral with or without consideration and that in any such case the Borrower or any Guarantor, surety or endorser shall remain liable to pay the unpaid balance of the indebtedness evidenced hereby as so additionally secured, extended, renewed or modified and notwithstanding any such release.

The remedies of the Holder, as provided herein and in the Loan Documents, shall be cumulative and concurrent and may be pursued singly, successively or together, at the sole discretion of the Holder, and may be exercised as often as occasion thereof shall occur. The Holder may, in its discretion, waive any default hereunder and its consequences and rescind any declaration of acceleration of principal; provided, however, that no action or inaction by the Holder shall be deemed a waiver of any of the Holder's rights or remedies unless the Holder specifically agrees in writing that such action or inaction shall constitute a waiver of its rights or remedies. Any waiver shall only apply to the particular instance for which it was agreed. No delay in exercising and no failure in exercising any right or remedy hereunder or afforded by law shall be a waiver of or preclude the exercise of any right or remedy hereunder or provided by law, whether on such occasion or any future occasion, nor shall such delay be construed as a waiver of any default or acquiescence therein. The exercise or the beginning of the exercise of one right or remedy shall not be deemed a waiver of the right to exercise at the same time or thereafter any other right or remedy. To the extent permitted by law, Borrower agrees that Lender has the right

JDT_00225577

to set-off any amount due and payable under this Note, whether matured or unmatured, against any amounts owing by Lender to Borrower including any or all of Borrower's accounts with Lender.

All capitalized terms used herein and not otherwise defined herein shall have the meanings assigned thereto in the Loan Agreement.

This Trailer Note shall be binding upon the Borrower and its successors and assigns and shall inure to the benefit of the Holder and its successors and assigns. This Trailer Note is the joint and several obligation of all makers, sureties, guarantors and endorsers and is binding on them, their heirs, executors, administrators, successors and assigns.

Borrower agrees to pay all of Lender's costs and expenses in connection with enforcement of this Trailer Note including, without limitation, attorneys' fees, to the extent permitted by law.

This Trailer Note may be assigned by the Holder from time to time by an endorsement hereon or by other writing; provided that notice of such assignment shall be given in writing to the Borrower. The obligations of the Borrower hereunder may not be assigned by the Borrower without the written consent thereto by the Holder.

This Trailer Note is being executed primarily for commercial or business purposes. Borrower and Holder agree that time is of the essence. Borrower agrees to make all payments to Lender at any address designated by Lender and in lawful United States currency.

It is intended that this Trailer Note is made with reference to and shall be governed by and construed in accordance with the laws of the State of Nebraska.

IT IS HEREBY CERTIFIED AND RECITED that all conditions, acts and things required to exist, to happen and to be performed precedent to or in the issuance of this Note do exist, have happened and have been performed in regular and due form as required by law.

IN WITNESS WHEREOF the Borrower has caused this Trailer Note to be executed as of the day and year first above written.

**Nebraska Written Credit Agreement Disclosure.** **A credit agreement must be in writing to be enforceable under Nebraska law. To protect you and us from any misunderstandings or disappointments, any contract, promise, undertaking, or offer to forebear repayment of money or to make any other financial accommodation in connection with this loan of money or grant or extension of credit, or any amendment of, cancellation of, waiver of, or substitution for any or all of the terms or provisions of any instrument or document executed in connection with this loan of money or grant or extension of credit must be in writing to be effective.**

                                                    Jim Daws Trucking, LLC,
                                                    a Nebraska limited liability company

JDT_00225578

JAC Management Corporation, manager

By: ___Ricardo Fernandez___ (signature)
Name:   Ricardo Fernandez

STATE OF _____ )
                          ) ss.
COUNTY OF _____ )

    The foregoing instrument was acknowledged before me this _____ day of May, 2022 by Ricardo Fernandez, the authorized representative of the manager of Jim Daws Trucking, LLC, a Nebraska limited liability company, for and on behalf of said company.

_____
Notary Public

JDT_00225579