IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM DAWS TRUCKING, LLC, | ) | CASE NO. 4:24-CV-3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DECLARATION OF** |
| | ) | **SCOTT MITCHELL** |
| DAWS, INC., JAMES R. DAWS, LANA | ) | |
| R. DAWS, DAWS TRUCKING, INC., and | ) | |
| COLUMBUS TRANSPORTATION & | ) | |
| LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

I, SCOTT MITCHELL, hereby declare as follows:

1. I am above the age of 19, and I am competent to testify. I have personal knowledge of all facts set forth herein.

2. I am a commercial truck driver.

3. Before 2022, I was an employee of Daws, Inc. and I drove trucks for Daws, Inc. under the general name "Daws Trucking."

4. Sometime in 2022, I became and independent contractor driving a truck owned by JLD Truck Lines, L.L.C. ("JLD"). I have a lease-to-own agreement with and JLD under which I am obligated to make installment payments to JLD toward the purchase of the truck.

5. As an owner-operator of my truck, I can drive for whoever will hire me. If Jim Daws Trucking, LLC is not going to assign loads to me, I am entitled to drive for other companies so I can earn a living using the truck I lease from JLD. If I am prevented from driving my truck, I will suffer a significant loss of income.

6. Before October 1, 2024, I hauled loads for Daws Trucking using my truck. In exchange for the freight hauled for Daws Trucking I received weekly payments ("Settlements").

7. While I do not know the details, it is my understanding that at some point in 2022, Jim Daws Trucking, LLC took over the operations of Daws Trucking.

8.      After Jim Daws Trucking, LLC began operating as Daws Trucking, I continued to haul freight as an independent contractor for Jim Daws Trucking, LLC.

9.      When I started as an independent contractor, the revenue split between myself and Daws Trucking was 80% to me, and 20% to Daws Trucking. The Settlements were payments to me of my 80% share. Jim Daws Trucking, LLC later modified the revenue split to be 76% to me and 24% to Daws Trucking which reduced my income.

10.      In addition to the ongoing lease payment installments that I was required to make to JLD to purchase the truck, Jim Daws Trucking, LLC required I make additional payments to it which were deducted from my Settlements; the same Settlements that had already been reduced to a 76%-24% split. These deductions from my Settlements were equal to an additional 5% of each Settlement, on a gross basis. The deductions from my Settlements were held by Jim Daws Trucking, LLC, supposedly in an escrow account. The maximum aggregate amount of deductions was limited to $20,000.

11.      Jim Daws Trucking, LLC asserted that this escrow arrangement was necessary as a security deposit to ensure I was a good steward of my truck and would be released once the truck was paid off. This confused me because my truck was owned by JLD and leased to me.

12.      Based on information and belief, the amounts held in escrow are under the control of representatives of Jim Daws Trucking, LLC.

13.      After Jim Daws Trucking, LLC took over operations of Daws Trucking, Jim Daws remained involved in the operation of Daws Trucking. With few exceptions, such as the revenue split change discussed above, after Jim Daws Trucking LLC took over the operations of Daws Trucking, Daws Trucking continued to operate the way it always had.

14.      Based on my experience, Jim Daws Trucking, LLC operated a specialty flat-bed hauling company. It only operated flatbed trailers and did not operate dry vans, tankers, or refrigerated (reefer) trailers or any other type of trailer other than flatbeds.

15.      Both before and after Jim Daws Trucking, LLC took over the operations of Daws Trucking, and until Jim Daws left employment with Jim Daws Trucking, LLC, Daws Trucking typically assigned loads to me through a Daws Trucking dispatcher.

16.    Near the end of September 2024, I had not been paid Settlements for loads I had hauled for Daws Trucking. I spoke with Rick Fernandez ("Rick") demanding that I get paid the Settlements.

17.    In addition to payment of my Settlements, I demanded payment of the amounts being held in escrow by Jim Daws Trucking, LLC.

18.    As of the date of this declaration, I have been paid all Settlements, but Jim Daws Trucking, LLC has failed to return to me my $20,000 it is supposedly holding in escrow.

19.    During my frequent trips to the yard for truck repairs and to pick up loads, I observed that Rick's presence had a negative effect on the morale of the office staff. In Rick's presence, employees and drivers would be real quiet in contrast to when Rick was not present.

20.    On or about September 27, 2024, there was a day when I was picking up my truck after repairs had been completed and I was at the yard location. I walked into the office and saw an office staffer crying and observed Rick telling office staff to go home that they no longer had a job.

21.    I never resigned or quit as an employee or independent contractor of Jim Daws Trucking, LLC. At the end of September 2024, I did not know what to do. Daws Trucking was holding my escrow amount that I needed to get paid out on.

22.    Sometime after October 1, 2024, Jim Daws Trucking, LLC informed me that I was no longer allowed to haul freight for it because my truck was titled to JLD and not Jim Daws Trucking, LLC. I was surprised by Jim Daws Trucking, LLC's position because until the end of September 2024, they had no issue with how my truck was titled.

23.    I never quit my job with Jim Daws Trucking, LLC. After September 2024, Jim Daws Trucking, LLC just didn't assign me additional work.

24.    I haven't hauled loads for Jim Daws Trucking, LLC since October 2024 because Jim Daws Trucking, LLC has excluded and prohibited me from doing so because the truck I lease is owned by JLD.

25.    Since October 1, 2024, I attempted to contact Jim Daws Trucking, LLC to inquire about payments owed to me and about hauling loads for it on numerous occasions. Jim Daws Trucking, LLC has not answered or returned my calls.

26.     In November, I was paid the outstanding Settlements after waiting weeks for payment, when my Settlements would normally have been paid the week following them becoming due. However, I have not been paid my escrow.

27.     Since October 1, 2024, no one from Jim Daws Trucking, LLC has contacted me to haul any load on behalf of Jim Daws Trucking, LLC or Daws Trucking.

28.     As of the date of this declaration, I am ready, willing, and able to continue hauling freight for any company that will pay me amounts owed and honor contracts they enter into. Based on its recent actions with respect to not timely paying Settlements and the escrow, I have no confidence that Jim Daws Trucking, LLC or Rick Fernandez will honor their contracts and pay what they owe.

29.     I am aware that Jim Daws left employment with Jim Daws Trucking, LLC around the end of September 2024.

30.     Before announcing he was leaving employment with Jim Daws Trucking, LLC, neither Jim Daws, nor anyone else, spoke to me about his plans to leave.

31.     At no point has Jim Daws, or anyone on his behalf, ever encouraged me, implied, or requested that I quit working for Jim Daws Trucking, LLC.

32.     I am not aware of anyone who Jim Daws has encouraged to quit working for Jim Daws Trucking, LLC.

33.     At no time since Jim Daws Trucking, LLC took over operations of Daws Trucking has Jim Daws, or anyone on his behalf, ever asked me to work for any company owned by or affiliated with Jim Daws.

34.     I am not aware of any driver who Jim Daws has encouraged to work for any company owned by or affiliated with Jim Daws.

35.     I am not aware that since he left employment with Jim Daws Trucking, LLC that Jim Daws is operating any other trucking business.

36.     Since September 2024, I have not hauled any load for Jim Daws or any of his affiliated companies and I am not aware of any other driver who has.

37.     I am not aware of any situation in which Jim Daws interfered with the customers of Jim Daws Trucking, LLC.

38.     When Jim Daws was working at Jim Daws Trucking, LLC, Daws Trucking appeared to continue to get new customers.

39.    I am not aware of any situation in which Jim Daws interfered with the operations of Jim Daws Trucking, LLC. From my experience, except as discussed above, after May 2022, things continued to generally operate as they had before. It was only after Jim Daws left employment with Jim Daws Trucking, LLC that things materially changed and I no longer received calls from Jim Daws Trucking, LLC or Daws Trucking to haul loads.

I declare, under penalty of perjury, that the foregoing declaration, executed on the _30__ day of ___January_____, 2025, at _Big Springs__, _Nebraska_____ is true and correct.

Scott A Mitchell (Jan 30, 2025 08:59 MST)

Scott Mitchell

3339907