IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM DAWS TRUCKING, LLC, | ) | CASE NO. 4:24-CV-3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DECLARATION OF** |
| | ) | **WENDELL "BRYAN" WATSON IV** |
| DAWS, INC., JAMES R. DAWS, LANA | ) | |
| R. DAWS, DAWS TRUCKING, INC., and | ) | |
| COLUMBUS TRANSPORTATION & | ) | |
| LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, Wendell Bryan Watson, IV, hereby declare as follows:

1. I am above the age of 19, and I am competent to testify. I have personal knowledge of all facts set forth herein.

2. In or around 2008 I began working for Daws, Inc. doing tasks such as mowing the lawn. When I obtained my commercial drivers' license around 2012, I drove truck for Daws Trucking. In 2019, I began working in the shop for Daws Trucking while still driving as needed. In or around March 2024, I began working in the office as the fuel manager and permitting officer for oversized loads.

3. In addition to my work for Daws Trucking, I am the owner of Watson Trucking, LLC which owns trucks. Jim Daws has never had an ownership interest or operational involvement in Watson Trucking, LLC and he has never received any compensation from Watson Trucking, LLC.

4. After Rick Fernandez ("Rick") purchased Daws Trucking, I became an employee of Jim Daws Trucking, LLC ("JDT").

5. Watson Trucking leased trucks to JDT. JDT owes Watson Trucking thousands of dollars in unpaid settlements for the use of Watson Trucking's trucks.

6. When Rick first purchased JDT in 2022, he came to Milford maybe once month. As time went on, Rick came to Milford less frequently, maybe once every three months.

7. From my personal experience, Rick had no involvement with employees or customers. He would typically come into the office in the afternoon, set up his laptop in Jim's office, and not

interact with the employees. From my observations Rick was a numbers guy who wanted nothing to do with drivers and didn't care about JDT's employees.

8. I serve in the U.S. Army Reserves. In late September 2024, I was on orders with the Reserves in California.

9. I was on orders through September 26, and I asked Jim if I could take Friday, September 27 off so I wouldn't have to come into the office for just one day that week. Jim told me to spend time with my family. I had no sense that anything out of the ordinary was going on.

10. On September 27, 2024, I learned that Rick had shut down the server and told everyone to go home. I was confused as to what was happening. I tried to reach out to Rick to see if I was fired and whether JDT would pay me for the PTO JDT owed me and the settlements JDT owed Watson Trucking. It took two weeks for Rick to respond. While JDT eventually paid me for my PTO, JDT still owes Watson Trucking thousands of dollars for use of my truck.

11. I never quit my job at JDT. My understanding is Rick terminated me. Attached as Exhibit A is a letter dated November 7, 2024, I received from TLC. TLC is the company Daws Trucking used to process employee wage payments. In its letter, TLC states that "effective September 23, 2004, or as of the date your company's final pay period end with TLC" that I am "no longer an administrative employee of our company." The letter also references COBRA continuation of coverage. I understood this letter to my letter of termination.

12. Neither Jim Daws, nor anyone else, ever asked me or encouraged me to resign, nor offered me anything if I resigned, from JDT. I am aware of no facts suggesting that Jim Daws, or anyone else, encouraged anyone to resign from JDT or any driver to not drive for JDT. Neither Jim Daws, nor anyone else, ever promised me anything if I quit my employment with JDT.

13. I do not have a non-compete with JDT. Since leaving JDT, Watson Trucking leased a truck to Peters Brothers who operates refrigerated trucks ("Reefers"). JDT has never operated Reefers. Peters Brothers does not compete with JDT. If I am prevented from leasing trucks to a third party or driving for a third-party it will cause me significant financial harm.

14. I am not aware of any facts that since he left employment with JDT that Jim Daws is operating any other trucking business.

15. At no time has Jim Daws, or anyone on his behalf, ever asked me to work for any company owned by or affiliated with Jim Daws.

I declare, under penalty of perjury, that the foregoing declaration, executed on the _24th_ day of January, 2025, at Ft. Riley, Kansas, is true and correct.

2

Wendell Bryan Watson, IV

3345976

3