**Maddie C. Hasley**

| | |
|---|---|
| **From:** | Andre R. Barry <abarry@clinewilliams.com> |
| **Sent:** | Wednesday, September 25, 2024 6:37 PM |
| **To:** | Julie Karavas |
| **Cc:** | Karen Wall; rshortridge@perrylawfirm.com |
| **Subject:** | RE: Jim Daws Trucking LLC - demands from Rick |

Julie:

Suffice it to say, Rick's perspective is very different from Jim's: Rick asked Jim to close the ANB account and use the LLC's UBT account instead; Jim refused.

We appreciate Jim's acknowledgment, through you, that the funds in the account all belong the LLC. I'll confer with Rick on how and when funds should be transferred to the UBT account so that payroll and other obligations are met.

With respect to Rick's email to employees, Jim left Rick no choice but to communicate with employees to try to persuade them to stay with the company. Through his closed-door meetings and other communications, in violation of his obligations as an employee, Jim ensured no one would stay. It doesn't appear that any further communications from Rick to employees will be of use in trying to persuade people to stay. We do note you haven't identified anything specific in what Rick wrote that Jim claims is false.

Rick communicated with Tony in the interest of time, given Tony's statement that he will resign on Friday. To the extent further communications are needed regarding the account transfer, we will communicate with you directly. We do request that Jim provide all logins and passwords to ensure that Rick has access to all electronic records of the LLC wherever they are stored, and that he do so by the close of business tomorrow, September 26.

In the meantime, Jim has a duty to cooperate with Rick to return and assist in the retrieval of all equipment and other assets and not to delete or destroy any communications or other records related to the LLC or this dispute.

To be clear, it is undisputed that Jim owed fiduciary duties to the LLC and has non-compete obligations to the company. Jim has already breached his fiduciary duties, as well as the Asset Purchase Agreement, and has tortiously interfered in the company's relationships with its employees. In doing so, Jim has incurred significant liability, including an obligation to return the $10 million plus he was paid by Rick. If Jim breaches the non-compete, he will be subject to further liability. Rick intends to enforce his rights.

In addition, to pick up on a subject of prior correspondence, we note that the LLC's records show payments to your law firm from August 2, 2022, through September 3, 2024. Whether or not an engagement agreement was signed, your firm was clearly performing work on behalf of the LLC. We therefore reiterate our request for all communications and other records related to that representation.

**EXHIBIT 26**



**ANDY BARRY** | Partner
**CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.**
233 South 13th Street | 1900 US Bank Bldg. | Lincoln, NE 68508
Direct: 402.479.7143 | Main: 402.474.6900 | www.clinewilliams.com
Lincoln | Omaha | Aurora | Fort Collins | Holyoke

---

**From:** Julie Karavas <Julie@jkklegal.com>
**Sent:** Wednesday, September 25, 2024 5:20 PM
**To:** Andre R. Barry <abarry@clinewilliams.com>
**Cc:** Karen Wall <karen@jkklegal.com>; rshortridge@perrylawfirm.com
**Subject:** Jim Daws Trucking LLC - demands from Rick

Andy,

Good afternoon. I write to forward you a message Jim received from Rick this morning. Our first instinct was to have Jim remind Rick that he is the owner of Jim Daws Trucking, LLC ("LLC") and, as such, he, and only he, has the authority to request the transfers himself. However, after speaking with Jim, we learned that Rick never opened an operating account for the LLC, despite Jim's repeated requests. Instead, the ANB account referenced in Rick's email below is an account in the name of Jim Daws Trucking, Inc. ("Corp.), a company of which Rick is not an owner or employee. This account was opened years before the LLC was formed. We understand Rick has tried to convince ANB personnel simply to change the name of the account (i.e., from Jim Daws Trucking, Inc. to Jim Daws Trucking, LLC), but they have insisted he open a new account with the new LLC using the LLC's EIN. He has failed to complete this relatively simple task. Accordingly, all transactions for the LLC, including payroll, have been run through this ANB account. Please note that only LLC transactions are run through this ANB account.

We understand that Tony Glenn responded to Rick's email below informing Rick that the ANB account must remain open until next week, as payroll will be processed Friday, September 27. In addition, there are a number of automatic payments made from this account for the benefit of the LLC. Again, Rick has been informed of this since the closing date of the asset purchase agreement, if not before. Jim agrees that all of the funds in the ANB account belong to the LLC; none of the funds are due to Jim or any other entity. It is a logistical matter of transferring the funds so that automatic payments and payroll checks will be funded.

I also write to forward you the attached email that Rick sent to other LLC employees this morning. You will see the sent time from Rick begs the question as to what his state of mind was, especially given the numerous misrepresentations and punctuation and spelling errors. The substantive message is disparaging of Jim and constitutes defamation per se. Please instruct Rick to cease and desist such disparaging communication about Jim immediately. If your client chooses to litigate, as suggested in his email, we anticipate that this, and any other relevant past and future, communication will be a basis for a counterclaim for defamation.

Finally, in effort to minimize confusion for all parties involved, if you continue to represent Rick, we request that any demands he has, such as the fund transfers, come from you to me, rather than from Rick to Jim, especially because Jim's last day as an employee of the LLC will be Monday.

Please advise as to how you would like Jim to transfer the ANB account funds to the LLC account at UBT, in consideration of payroll and automatic payments/withdraws.

Thank you.

Best regards,

Julie M. Karavas
Attorney at Law, LLM-Tax
Karavas & Kranz, P.C.
720.943.1095 CO telephone
308.946.3071 NE telephone
308.946.2503 facsimile
julie@jkklegal.com
www.jkklegal.com

Offices in Colorado and Nebraska

*This transmission (and/or the documents attached) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege and the Electronic Communication Privacy Act, U.S.C. Section 2510-2521. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution, or the taking of any action in reliance on the contents of this information, is strictly prohibited. While precautions are taken against computer viruses, it is your responsibility to scan for their presence and we accept no liability or responsibility therefore. If you have received this transmission in error, please notify us immediately by telephone at 308-946-3071.  TAX ADVICE DISCLAIMER: Under applicable U.S. Treasury Regulations, we are required to inform you that any U.S. tax advice contained in this email or any attachment hereto is not intended or written to be used, and cannot be used, either (i) for purposes of avoiding penalties imposed under the U.S. Internal Revenue Code, or (ii) for promoting, marketing, or recommending to another party any tax-related matter addressed herein.*