IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM DAWS TRUCKING, LLC, | ) | CASE NO. 4:24-CV-3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' BRIEF IN** |
| | ) | **PARTIAL OPPOSITION TO** |
| DAWS, INC.; JAMES R. DAWS; LANA R. DAWS; DAWS TRUCKING, INC.; and COLUMBUS TRANSPORTATION & LOGISTICS, LLC, | ) ) ) ) | **MOTION TO REDACT TRANSCRIPT** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

Jim Daws Trucking, LLC ("JDT") has filed a Motion for Leave to Redact Transcripts identifying two categories of documents (1) a party's date of birth, and (2) names of customers that JDT claims are proprietary information. Defendants agree that the date of birth should be redacted. However, JDT has failed to make the requisite showing that the names of alleged customers is proprietary as claimed. To the contrary, the testimony at the hearing established that the names of JDT's customers were known by JDT's employees without confidentiality or non-compete agreements and by others in the trucking industry. Because JDT did not take reasonable measures to protect the confidentiality of its customer information, and the names of JDT's customers can be learned through proper means, JDT's motion should be denied as to customer names. JDT has not established that the names of its customers are proprietary such as to warrant their redaction under Nebraska Civil Rule 5.3(b)(6).

# ARGUMENT

I. **JDT'S MOTION AS TO ALLEGED CUSTOMER NAMES SHOULD BE DENIED BECAUSE JDT FAILED TO SHOW SUCH INFORMATION IS PROPRIETARY.**

"[T]here is a common law presumption in favor of public access to judicial records..." *U.S. v. McDougal,* 103 F.3d 651, 657 (8th Cir. 1996). "As a result, even in the case of redaction, courts presume disclosure rather than confidentiality." *Schedin v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, No. 8-5743, 2011 WL 1831597, at *1 (D.Minn. May 12, 2011). *Id.* citing *PepsiCo, Inc. v. Redmond,* 46 F.3d 29, 31 (C.A.7 (Ill.),1995) ("This circuit has insisted, moreover, that the judicial proceedings held, and evidence taken, on the way to a final decision also are presumptively in the public domain.").

Here, JDT claims that the names of certain alleged JDT customers should be redacted, offering only a conclusion that those customer names are proprietary. JDT offers no evidence or argument that these customer names are proprietary. Simply listing the names and titling them "Proprietary" in a motion is not sufficient to meet its burden to overcome the presumption favoring publication. *See U.S. Bank National Association v. First American Title Insurance Company*, No. 11-1979, 2014 WL 12601568, at *1 (D.Minn., Feb. 6, 2014) ("All that U.S. Bank has done has been to tell the Court that this information should be treated as proprietary and confidential because U.S. Bank treats it as proprietary and confidential. Thus, U.S. Bank has utterly failed to make out the requisite showing to justify sealing or redaction.").

2

The testimony at the preliminary injunction hearing established that the customer names JDT seeks to be redacted are not proprietary or trade secrets. *See* NECivR 5.2(b)(6) (identifying "proprietary or trade secret information" as a discretionary category of information that may be redacted). Nebraska law holds that a customer list is not a proprietary trade secret where reasonable efforts are not taken to maintain its secrecy or where the names of customers can be ascertainable by proper means. *See First Express Services Group, Inc. v. Easter*, 840 N.W.2d 465, 474 (Neb. 2013) (citing the Nebraska Uniform Trade Secrets Act, Neb. Rev. Stat. § 87-501 *et seq.*).

Here, the evidence shows that JDT did not take reasonable efforts to maintain the secrecy of its customers and the names of its customers can be ascertained through proper means. RaNae Muenchrath testified that she worked for Daws Trucking for fourteen years. During that time, she developed personal relationships with Daws Trucking's customers. Those customers had her personal cell phone number and e-mail address. As she explained, she didn't have a customer list. The identities of those customers were in her head. (Filing 106 646:4-647:14). JDT didn't take reasonable steps to protect the identity of those customers by requiring Muenchrath to sign any type of non-compete agreement, employment agreement, confidentiality agreement, or any other type of non-disclosure agreement. *See, e.g., Farmers Edge Inc. v. Farmobile, LLC*, No. 8:16CV191, 2018 WL 2869005, at *6 (D. Neb. May 3, 2018) (plaintiff failed to maintain secrecy of information because information was "in the public realm and available to people in

3

the industry" and was known by "numerous people who had no obligation to keep it confidential"). Having failed to take any steps to protect the identity of its customers from disclosure by Muenchrath, or others, the names of JDT's customers are not proprietary nor trade secrets.

In addition, the names of JDT's customers are ascertainable through proper means. See First Express Servs. Grp., 286 Neb. at 925, 840 N.W.2d at 475 (information known from memory, available through a third-party, or on the internet is ascertainable by proper means). Jeremy Becker testified that he knew who some of JDT's customers were because he called on the same customers through his employer, Kirsch Transportation. (Filing 105 369:17-370:4). Flatbed hauling is a niche subset of the trucking industry. As Becker's testimony confirmed, players in the industry know who the customers are, and even which of those customers used JDT. The names of JDT's customers are neither trade secrets nor proprietary.

It is apparent that JDT simply did a word search of the transcripts for certain customer names and is claiming that all of those names should be redacted. For example, JDT seeks to redact the names of customers who Becker testified were "my customers", i.e., customers of Kirsch—not JDT. (Filing 105 428:6-8). JDT advances no basis as to why the names of Kirsch's customers should be redacted.

## II. JDT'S MOTION SHOULD BE DENIED BECAUSE THE MOTION RAISES A SUBSTANTIAL ISSUE OF LAW AND IS NOT ACCOMPANIED BY A SUPPORTING BRIEF.

JDT's Motion should also be denied because it failed to file a supporting brief. Nebraska Civil Rule 7.1 states:

> **A motion raising a substantial issue of law *must* be supported by a brief filed and served together with the motion.** The brief must be separate from, and not attached to or incorporated in, the motion or index of evidence. The brief must concisely state the reasons for the motion and cite to supporting authority. **A party's failure to brief an issue raised in a motion may be considered a waiver of that issue.** The brief must not recite facts unless supported as described in Nebraska Civil Rule 7.1(a)(2).

NECivR 7.1(a)(1)(A) (emphasis added). Rule 7.1 further states "[i]f the court concludes that a motion raises a substantial issue of law, . . . it may treat the failure to file a brief as an abandonment of the motion." NECivR 7.1(a)(1)(B) (emphasis added).

This Court and the Eighth Circuit have previously addressed the importance of the Court's Local Rules and have emphasized the rules are not mere suggestions and must be enforced. "Rules of practice adopted by the United States District Courts have the force and effect of law." *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984). District courts have "broad discretion" to apply and enforce local rules, such as the power to "enforce their local rules by striking untimely documents." *Davis v. Simon Contractors, Inc.*, No. 8:19-CV-246, 2022 WL 1073996, at *1 (D. Neb. Apr. 8, 2022).

5

Despite the Court's Local Rule requiring submission of a supporting brief, JDT did not file a brief in support of its motion for redactions. JDT's failure to comply with the Court's Local Rules is not trivial. In its motion, JDT implicitly asks the Court to make the finding that its alleged customer names are proprietary information—which has the potential to be an important issue in this case. Because JDT did not file a supporting brief, Defendants are left to respond to a threadbare motion that provides no citations to authority supporting the merits of JDT's assertions, and the Court is left to rule on a Motion supported only by conclusory statements. Because JDT's Motion raises substantial issues of law and was not accompanied by a supporting brief, the Court should strike JDT's motion.

## CONCLUSION

Redaction will simply make things more unwieldy as this case moves forward. Having failed to establish that the names of customers it seeks to be redacted are proprietary, the Court should deny JDT's motion for redaction as to those names.

DATED this 8th day of April, 2025.

DAWS, INC., JAMES R. DAWS,
LANA R. DAWS, DAWS TRUCKING, INC.
and COLUMBUS TRANSPORTATION &
LOGISTICS, LLC, Defendants

BY:    /s/ Timothy J. Thalken
      David C. Mullin, #21985
      Timothy J. Thalken, #22173
      Kristin M. Nalbach, #27125
      FRASER STRYKER PC LLO
      500 Energy Plaza
      409 South 17th Street
      Omaha, NE  68102-2663
      (402) 341-6000
      (402) 341-8290 - fax
      dmullin@fraserstryker.com
      tthalken@fraserstryker.com
      knalbach@fraserstryker.com
      ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d), counsel certifies that this brief contains 1544 words including all text, captions, headings, footnotes, and quotations according to the word count function of Microsoft Word 365.

/s/ Timothy J. Thalken

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Timothy J. Thalken

3383634.3