IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM DAWS TRUCKING, LLC, | ) | CASE NO. 4:24-CV-3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **EMERGENCY MOTION** |
| | ) | **TO STAY MAGISTRATE** |
| DAWS, INC.; JAMES R. DAWS; | ) | **JUDGE'S ORDER** |
| LANA R. DAWS; DAWS | ) | **PENDING RESOLUTION** |
| TRUCKING, INC.; and | ) | **OF STATEMENT OF** |
| COLUMBUS TRANSPORTATION | ) | **OBJECTIONS AND** |
| & LOGISTICS, LLC, | ) | **REQUEST FOR A** |
| | ) | **TELEPHONIC HEARING** |
| Defendants. | ) | |

Pursuant to Fed. R. Civ. P. 72 and NECivR 72.2(c), Defendants move to stay the Magistrate Judge's order (Filing 147) (the "Order") pending resolution of Defendants' forthcoming Statement of Objections. In support of their motion, Defendants show as follows:

1. The Order held that Defendants waived the attorney-client privilege with respect to certain communications between Jim Daws ("Jim") and his attorney, Julie Karavas, identified in Defendants' privilege log.

2. Defendants intend to file a Statement of Objections to the Order and have 14 days to do so. *See* NECivR 72.2.

3. The effect of the Order would be to allow Plaintiff to review and use Jim's communications with his attorney.

4. Because once the attorney-client privilege is breached, the damage is irreparable and cannot be undone, a stay is appropriate to protect the privilege until a final decision may be reached. *See, e.g., Union Cnty., IA v. Piper Jaffray & Co., Inc.,* 248 F.R.D. 217, 225

(S.D.Iowa,2008) (staying magistrate judge's order regarding disclosure of documents claimed to be protected by the attorney-client privilege pending appeal); *Consumer Financial Protection Bureau v. Carnes*, Case No. 23cv2151, 2024 WL 1550559, at *2 (D.Kan. Apr. 10, 2024) (granting stay of magistrate judge's order requiring disclosure of documents claimed to be subject to the attorney-client privilege because the damage from disclosure of privileged material would be irreparable); *Herbalife Intern., Inc. v. St. Paul Fire and Marine Ins. Co.*, Case No. 5:05cv41, 2006 WL 2560271, at *4 (N.D.W.Va.,Sep. 5, 2006) (granting stay of magistrate judge order regarding attorney-client privilege pending resolution of objections); *Srebnik v. Dean*, 2006 WL 1041788, at *2 (D.Colo.,2006) (granting stay of magistrate judge's order regarding attorney-client privileged documents pending objections).

    5.    JDT will suffer no harm if the magistrate judge's order is stayed pending resolution of Defendants' objections. Defendants have not filed an answer to Plaintiff's complaint. Other than expedited discovery the Court allowed for purposes of preparing for the preliminary injunction (*See* Filing 24), the parties have not prepared a Rule 26(f) report, have not made initial disclosures, and formal discovery has not commenced. This case is essentially stayed pending resolution of the appeal of the preliminary injunction by the Eighth Circuit. *See* Filing 146 (terminating Defendants' motion to Dismiss or Strike pending resolution of the appeal). Therefore, staying the magistrate judge's decision will not impact the progression of this case.

    6.    The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). It exists "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id*. The attorney-client privilege is "perhaps, the most sacred of all legally recognized privileges, and its

preservation is essential to the just and orderly operation of our legal system." *United States v. Bauer,* 132 F.3d 504, 510 (9th Cir.1997). Thus, the public interest weighs in favor of a stay to ensure that the attorney-client privilege is respected, and that there be a high bar to establish a waiver of this important privilege.

7.  Defendants are also likely to succeed because there is no evidence that Jim knowingly and voluntarily waived the attorney-client privilege.

8.  Because under NECivR 72.2(c) "The filing of a statement of objections to a non-dispositive order does not state the magistrate judge's order pending resolution of the statement of objections," and waiver of an attorney-client privilege leads to irreparable harm, Defendants request that this Court rule on this motion for a stay in an expedited manner to maintain the status quo until Defendants' objections can be litigated.

9.  Defendants suggest that a telephonic hearing be held on this motion for stay.

10. Before filing this motion, counsel conferred with Plaintiff's counsel who opposes a stay.

WHEREFORE Defendants respectfully request that the magistrate judge's order (Filing 147) be stayed pending resolution of Defendants' forthcoming statement of objections.

DATED this 25th day of September, 2025.

3

                DAWS, INC., JAMES R. DAWS, LANA R. DAWS, DAWS TRUCKING, INC. and COLUMBUS TRANSPORTATION & LOGISTICS, LLC, Defendants

BY:   /s/ Timothy J. Thalken
        Timothy J. Thalken, #22173
        Meghan M. Bothe, #25208
        FRASER STRYKER PC LLO
        500 Energy Plaza, 409 S. 17 St.
        Omaha, NE 68102-2663
        (402) 341-6000
        tthalken@fraserstryker.com
        mbothe@fraserstryker.com
        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                /s/ Timothy J. Thalken

3462077.4

4