IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM DAWS TRUCKING, LLC, | ) | CASE NO. 4:24-CV-3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MOTION FOR LEAVE TO FILE REPLY** |
| | ) | **BRIEF IN SUPPORT OF OBJECTIONS** |
| DAWS, INC.; JAMES R. DAWS; | ) | **TO MAGISTRATE JUDGE'S ORDER** |
| LANA R. DAWS; DAWS | ) | |
| TRUCKING, INC.; and | ) | |
| COLUMBUS TRANSPORTATION | ) | |
| & LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Fed. R. Civ. P. 72 and NECivR 72.2, Defendants move for leave to submit a Reply Brief in support of their Objections to Magistrate Judge's Order (Filing 152). In support of this motion, Defendants state:

1.      Defendants timely filed an objection to Magistrate Judge Nelson's order denying a protection order (Filing 147).

2.      Plaintiffs filed an opposing brief on October 21, 2025.

3.      Defendants filed a Reply Brief on Tuesday, October 28, 2025, without first obtaining the leave of the court to do so. Defendants erroneously assumed that NECivR 7.1(c), which allows for reply briefs on all motions, applied. Defendants failed to recognize that NECivR 72.2(a) changes the default rule that reply briefs are allowed as a matter of course by providing that in objections to a Magistrate Judge's order: "The objecting party may not file a reply brief without the court's leave." Accordingly, Defendants seek to rectify their error by filing this motion for leave.

4.      The Order's holding relating to waiver of the attorney-client privilege has implications far beyond this case and addresses a fundamental aspect of the justice system—the attorney-client privilege. The Reply Brief will aid the Court in resolving this important issue.

5. In their Response Brief, JDT raised a new argument claiming that Defendants waived arguments. JDT's new argument is addressed in the Reply Brief.

6. Defendants belatedly ask this Court for leave to file their Reply Brief.

7. Contrary to Plaintiffs' assertions in its Motion to Strike, Defendants have not raised new arguments in their Reply Brief. In Defendants' primary brief, they argued that Defendants had a reasonable expectation that Jim's personal e-mails with his attorneys would remain confidential because "(1) Jim became an employee of JDT; (2) JDT did not have an e-mail use policy; (3) JDT did not notify its employees it could monitor e-mails; and (4) JDT never actually monitored employee e-mail." (Filing 153). These arguments mirror the *Asia Global Crossing* factors that are discussed in Defendants' Reply Brief in response to JDT's attempts to apply those factors; namely that (1) JDT did not ban personal use of e-mail; (2) JDT never monitored employee use of e-mail; (3) Third parties did not have a right of access to Jim's e-mails; and (4) JDT did not notify Jim, and Jim was not aware of, any use of monitoring policies of his e-mail by JDT.

8. Given the important nature of the underlying privilege at issue, Defendants believe that their Reply Brief would aid the Court in this matter.

WHEREFORE, Defendants respectfully request that this Court grant Defendants leave to file a Reply Brief and accept the brief filed on October 28, 2025 (Filing 155) as a properly filed reply brief.

DATED this 30th day of October, 2025.

> DAWS, INC., JAMES R. DAWS,
> LANA R. DAWS, DAWS TRUCKING, INC.
> and COLUMBUS TRANSPORTATION &
> LOGISTICS, LLC, Defendants
>
> BY:   /s/ Timothy J. Thalken
>       Timothy J. Thalken, #22173
>       Meghan M. Bothe, #25208
>       FRASER STRYKER PC LLO
>       500 Energy Plaza; 409 S. 17th Street
>       Omaha, NE  68102-2663
>       (402) 341-6000
>       tthalken@fraserstryker.com
>       mbothe@fraserstryker.com
>       ATTORNEYS FOR DEFENDANTS

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.


/s/ Timothy J. Thalken

3478147.2

3