IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JIM DAWS TRUCKING, LLC, | Case No. 4:24-cv-3177 |
| Plaintiff, | |
| vs. | **Consolidated Rule 26(f) Report** |
| DAWS INC., et al., | |
| Defendants. | |
| DAWS, INC., | Case No. 4:24-cv-3221 |
| Plaintiff, | |
| vs. | |
| RICARDO FERNANDEZ, et al., | |
| Defendants. | |
| J&L ENTERPRISES, LLC, | Case No. 4:24-cv-3222 |
| Plaintiff, | |
| vs. | |
| JIM DAWS TRUCKING, LLC, | |
| Defendant. | |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

**Counsel for Jim Daws Trucking, LLC, Ricardo Fernandez, and Ricardo Daniel Fernandez:**

Andre R. Barry
Henry L. Wiedrich
Maddie C. Hasley

**Counsel for Daws, Inc., James R. Daws, Lana R. Daws, Daws Trucking, Inc., Columbus Transportation & Logistics, LLC, and J&L Enterprises, LLC:**
Timothy J. Thalken
Meghan M. Bothe

The parties discussed the case and jointly make the following report:

I.    **INITIAL MATTERS:**

    A.    <u>Jurisdiction and Venue</u>: As to the defendant(s) (mark all boxes that may apply).

        ☐    Jurisdiction is contested because _____.

        ☐    Venue is contested because _____.

        ☒    Neither jurisdiction nor venue are contested.

    B.    <u>Immunity</u>: As to the defendant(s) (mark all boxes that may apply).

        ☐    An immunity defense has been raised by a defendant.

        ☐    An immunity defense will be raised, such defense to be raised on or before **Click here to enter a date.**

        ☒    No immunity defense has or will be raised in this case.

    C.    Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

        ☒    Not applicable.

        ☐    The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

        ☐    Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

                ☐    before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: **Click here to enter a date.**

Explain: _____.

☐ a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

☐ motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before **Click here to enter a date.**

## II. CLAIMS AND DEFENSES:

A. <u>Claims</u>: Provide a brief statement of the alleged facts and a succinct summary of the alleged federal or state theories of recovery, citing any relevant statutes which provide the basis for any statutory claims. You do not need to list the elements of each claim.

There are three lawsuits, each of which have different parties, claims, and defenses. The parties to each describe their claims and defenses below:

**JIM DAWS TRUCKING, LLC V. DAWS INC., ET AL. – LEAD CASE**

**PLAINTIFF JIM DAWS TRUCKING, LLC:**

James (Jim) and Lana (Lana) Daws sold their trucking business, known as Daws Trucking, to Jim Daws Trucking, LLC (JDT), an entity formed for the purpose of carrying on that business. They received $12 million for the business, $4.5 million of which was allocated to goodwill. Jim and Lana had their own attorney draft the noncompete in which they both agreed not to engage or carry on the business of trucking, directly or indirectly, for a period of five years. After Jim coordinated a resignation of the employees of Daws Trucking, and formed a plan to activate Loyal Trucking, JDT filed a Complaint for breach of contract, breach of fiduciary duty, tortious interference, and declaratory and injunctive relief. On April 8, 2025, the Court granted JDT's Motion for Preliminary Injunction. Defendants appealed.

**DEFENDANTS DAWS, INC., JAMES R. DAWS, LANA R. DAWS, DAWS TRUCKING, INC., AND COLUMBUS TRANSPORTATION & LOGISTICS, LLC:**

Jim did not violate the terms of the Asset Purchase Agreement between Daws, Inc. and JDT. Jim did not coordinate a mass resignation of JDT office employees nor did he encourage drivers to quit or work for a competing venture. The non-compete clause in the Asset Purchase Agreement is unenforceable. Even if the non-compete was violated, it did not result in any harm to JDT. Jim did not breach any fiduciary duties. Jim did not interfere

3

with JDT. There are no factually supported claims against Daws Trucking, Inc. and Columbus Transportation & Logistics, neither of which interfered with JDT's business relationships and expectancies. Attorney fees and expenses are not available under Nebraska law for any of the claims alleged. Defendants in the lead case have appealed the preliminary injunction to the Eighth Circuit. They also filed a Motion to Dismiss, which was administratively terminated by the District Court pending the Eighth Circuit appeal and is subject to reassertion.

## DAWS, INC. V. RICARDO FERNANDEZ, ET AL.

### PLAINTIFF DAWS, INC.:

On May 4, 2022, JDT executed a promissory note in which Daws, Inc. loaned JDT $4,000,000.00. Defendants Ricardo Fernandez ("Rick") and Ricardo Daniel Fernandez ("Ricky") signed the promissory note personally guaranteeing payment of the note. Pursuant to the terms of the promissory note, JDT was required to pay Daws, Inc. $65,819.05 per month in principal, plus interest, on or before the first day of each month. Beginning on October 1, 2024, JDT stopped making payments on the promissory note. JDT's failure to pay was an event of default under the promissory note. On October 16, 2024, Daws, Inc. issued a notice of default and acceleration of the promissory note to JDT, Rick, and Ricky. Rick, and Ricky have failed and refused to pay the balance of the promissory note. After this default, Daws, Inc. filed this lawsuit, claiming breach of contract because, by failing to pay the balance of the promissory note, Rick and Ricky have breached their obligations as personal guarantors under the promissory note.

### DEFENDANTS RICARDO FERNANDEZ, AND RICARDO DANIEL FERNANDEZ:

In the Subordination Agreement Plaintiff agreed, among other things, to forbear from exercising any rights or remedies on or with respect to any collateral securing the Subordinated Debt until the Senior Debt has been paid in full. Under the Asset Purchase Agreement, Daws, Inc. agreed, among other things, to service the debt on $2,000,000 in existing equipment bank loans, to cause said debt to be retired within sixty (60) days after closing, and to transfer all tangible and intangible assets, including titles, to JDT, among other obligations. Any failure on these obligations is a breach that bars it from recovery. Ricardo Fernandez and Ricardo Daniel Fernandez have asserted affirmative defenses including that Daws, Inc. failed to state a claim upon which relief may be granted, that Jim concealed material facts concerning the sale, that Daws, Inc, Jim Daws, and Lana Daws committed prior material breaches, and Daws, Inc., Jim Daws, and Lana Daws owe JDT and its owners damages.

4

**J&L ENTERPRISES, LLC V. JIM DAWS TRUCKING, LLC**

**PLAINTIFF J&L ENTERPRISES, LLC:**

J&L Enterprises ("J&L") leased semi-tractors ("J&L's Tractors") to JDT, which operates a specialty flatbed hauling trucking business. Pursuant to the lease agreement, JDT would pay J&L a portion of the revenue, and other fees resulting from cargo JDT carried using J&L's Tractors. After hauling a load of cargo, JDT would account to J&L for the cargo it hauled using J&L's Tractors and pay JDT the agreed upon rates. JDT is in sole possession of documents and information needed to calculate the payments owed to J&L for JDT's use of J&L's Tractors. JDT used J&L's Tractors to haul cargo, but has failed and refused to provide an accounting to J&L for the cargo JDT hauled using J&L's Tractors. JDT has also failed and refused to pay J&L the amounts JDT owes for JDT's use of J&L's Tractors. J&L brought this lawsuit because JDT has received money from its customers from JDT's use of J&L's Tractors and a portion of the money JDT received for use of J&L's Tractors belongs to J&L. JDT breached its duty to account to J&L for the use of J&L's Tractors and the money received from their use. JDT breached the contract by failing and refusing to pay J&L amounts owed for JDT's use of the J&L Tractors. In the alternative, JDT has been unjustly enriched by retaining the use of money from third-parties, which JDT earned by hauling cargo using the J&L Tractors. Justice and equity requires that JDT disgorge to J&L that portion of the money that should be paid to J&L.

**DEFENDANT JIM DAWS TRUCKING, LLC:**

J&L alleged that it offered and JDT accepted proposals in which JDT agreed to use J&L's Tractors to haul cargo for JDT and its customers in exchange for JDT making payments to J&L. But there are no factual allegations as to when any such proposal was made, how it was made, or how it was accepted. Communications between it and JDT did not constitute offer and acceptance. In addition, some or all the tractors for which J&L alleges it was to have been paid lease amounts were to have been transferred to JDT under the terms of the Asset Purchase Agreement between Daws, Inc. and JDT. JDT filed a Motion to Dismiss the second cause of action for breach of contract.

B.   <u>Defenses</u>:
*See* above, in Section II.A, where the parties describe their claims and defenses.

III.   **METHOD OF RESOLUTION**: Please indicate below how the parties anticipate that this case will be resolved.

5

☐    <u>Administrative record</u> review:

    ☐    A party will request discovery.

    ☐    A party will not request discovery.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report. Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

    ☐    A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☐    <u>Cross-motions</u> for summary judgment and/or resolution on stipulated facts:

    ☐    A party will request discovery.

    ☐    A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before **Click here to enter a date.**
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

    ☐    A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☒    Trial**:**

    ☐    No party has timely demanded a jury trial.

    ☒    A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

    ☐    A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.
A motion to strike the jury demand will be filed no later than: **Click here to enter a date.**

☐ The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

## IV. SETTLEMENT:

Counsel state (mark all boxes that may apply):

☐ To date, there have been no efforts taken to resolve this dispute.

☒ Efforts have been taken to resolve this dispute

☒ prior to filing the lead lawsuit, JDT and Daws, Inc. et al. engaged in settlement discussions prior to JDT filing suit, and negotiations were not successful.

☒ after filing the lead lawsuit, but before the filing of this report, JDT and Daws, Inc. et al. engaged in settlement discussions after JDT filed suit, and negotiations were not successful.

☐ Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

☐ It is agreed:

☐ Mediation is appropriate at this time, and pending the outcome of those efforts,

☐ case progression should be stayed.

☐ case progression should not be stayed.

☒ Mediation may be appropriate in the future. Please explain when you believe mediation may be useful: After the close of written discovery.

☐ Mediation will not be appropriate. Explain: _____.

☐ Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, or again discuss settlement, by **Click here to enter a date.**

7

☐ At least one party is not interested in exploring options for settling this case.

## V. CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

☐ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

☒ At least one party does not currently consent.

## VI. CASE PROGRESSION:

A. Initial mandatory disclosures required by Rule 26(a)(1).

☐ Have been completed.

☒ JDT[1] proposes that Initial Disclosures will be completed by December 12, 2025. Daws[2] proposes that this deadline be deferred until the pending motions to dismiss and Eighth Circuit appeal are resolved.

B. Motions to amend the pleadings or to add parties.

☒ A plaintiff does anticipate a need to amend pleadings or add parties. JDT proposes that motions to amend pleadings or add parties will be

---

[1] Given that there are different plaintiffs and defendants in each of the three cases, for purposes of this report, from this point forward references to JDT include all parties represented by Cline Williams (*i.e.*, Jim Daws Trucking, LLC, Ricardo Fernandez, and Ricardo Daniel Fernandez).

[2] Given that there are different plaintiffs and defendants in each of the three cases, for purposes of this report, from this point forward references to Daws include all parties represented by Fraser Stryker (*i.e.*, Daws, Inc., James R. Daws, Lana R. Daws, Daws Trucking, Inc., Columbus Transportation & Logistics, LLC, and J&L Enterprises, LLC).

filed on or before **February 27, 2026.** Daws proposes that this deadline be deferred until the pending motions to dismiss and appeal of the Preliminary Injunction are resolved.

☒      A defendant does anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant (s) on or before      Daws proposes that this deadline be deferred until the pending motions to dismiss and the appeal of the Preliminary Injunction are resolved.

If more than 90 days are needed, explain why: the Court's decision granting the Preliminary Injunction in 4:24-cv-03177 (lead case) is on appeal in the Eighth Circuit, there is a motion to dismiss in the lead case that subject to reassertion following the appeal, and another motion to dismiss pending in 4:24-cv-03222 (member case).

C.    Discovery.

1)    As to written discovery under Rules 33, 34, 36, and 45:

a.    The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

☐      The parties do not anticipate any disputes over the number of discovery requests served.

☒      The parties believe a dispute may arise over the number of (mark all boxes that may apply):

☒      Interrogatories.
☒      Requests for Production.
☒      Requests for Admission.

If the parties anticipate a possible dispute over the number of written discovery requests, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

b.    JDT proposes that written discovery will be completed by **May 8, 2026**. Daws proposes that this deadline be deferred until the pending motion to dismiss and the appeal of the Preliminary Injunction are resolved.

9

2)     As to expert disclosures as required under Rule 26(a)(2):

☐     The parties do not anticipate calling experts to testify at trial.

☒     The parties anticipate calling experts to testify at trial, and JDT proposes that discovery and expert disclosures may proceed despite the pending appeal and motion to dismiss.

Daws proposes that it is not necessary to set expert discovery deadlines at this time. The parties stipulated that these cases should be consolidated for written discovery. In the lead case, there is a pending appeal before the Eighth Circuit that could impact the claims and defenses at issue (as well as a motion to dismiss that was administratively terminated pending appeal that is subject to reassertion), and a motion to dismiss that may impact J&L's lawsuit in one of the member cases. As such, the management of discovery for these cases would be better served by establishing the deadlines for expert discovery at a later date.

a.     JDT proposes the parties at least **identify** such experts, by name, address, and profession (i.e., without the full reports required by Rule 26(a)(2)), by May 15, 2026. Daws proposes that this deadline be deferred until the pending motions to dismiss and the appeal of the Preliminary Injunction are resolved.

b.     JDT proposes that expert **reports** be served by July 10, 2026. Daws proposes that this deadline be deferred until the pending motions to dismiss and the appeal of the Preliminary Injunction are resolved.

c.     JDT proposes that motions to exclude expert testimony on *Daubert* and related grounds will be filed by September 25, 2026. Daws proposes that this deadline be deferred until the pending motions to dismiss and the appeal of the Preliminary Injunction are resolved.

3)     As to deposition testimony under Rules 30 and 45:

a.     The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 50. The parties informally agreed not to take depositions until there are rulings on the motions to dismiss and appeal.

b.     All depositions

10

☐ will be limited by Rule 30(d)(1).

☒ will be limited by Rule 30(d)(1), except as follows: JDT anticipates that the depositions of Jim Daws and Tony Glenn will take longer than 1 day of 7 hours. Daws does not agree to depositions exceeding 7 hours and believes the parties should be limited by Rule 30(d)(1), particularly for the identified individuals who have already been questioned under oath by JDT.

c. JDT proposes that all depositions, regardless of whether they are intended to be used at trial, will be completed by **October 9, 2026**. Daws proposes that this deadline be deferred until the pending motions to dismiss and the appeal of the Preliminary Injunction are resolved.

4) Protective Order:

☒ All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

☒ the parties hereby move the court to enter the court's standard protective order (see, Civil Case Management website page,

☒ with the court's standard Attorneys' Eyes Only provisions.

☐ with the court's standard HIPAA language permitting release of Protected Health Information.

☐ the parties hereby move the court to enter the proposed protective order attached to this report.

☐ the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the chambers of the magistrate judge assigned to the case.

☐ At least one party believes a protective order will not be necessary in this case.

11

5)    Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing discovery of **Privileged Information**, and they have discussed whether certain categories of documents, are presumptively privileged.

☐    The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

☐    Documents between legal counsel and clients created on or after

☐    Documents maintained by consulting or testifying experts created on or after     .

☐    The following documents:  _____.

☒    Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6)    Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

☒    the parties do not anticipate a dispute over preservation, scope, and production of ESI.

☐    the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

7)    Other special discovery provisions agreed to by the parties include: _____.

D.    Dispositive Motions.

12

☐     The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

☒     A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

    a.    as to the following claims and/or defenses: in the lead case, JDT anticipates filing a motion for judgment on the pleadings and/or summary judgment. In 4:24-cv-3221, JDT anticipates filing a motion to dismiss, and/or judgment on the pleadings, and/or for summary judgment. In 4:24-cv-3222, JDT anticipates filing a motion to dismiss, and/or judgment on the pleadings, and/or for summary judgment. In the lead case (4:24-cv-03177), Daws has already filed a motion to dismiss (which it may reassert), and anticipates filing a motion for judgment on the pleadings and/or for summary judgment. In the member cases (4:24-cv-3221 and 4:24-cv-3222), Daws anticipates filing a motion for judgment on the pleadings and/or for summary judgment.

    b.    JDT proposes that such motions to be filed on or before June 5, 2026. Daws proposes that this deadline be deferred until the pending motions to dismiss and the appeal of the Preliminary Injunction are resolved.

E.    Other matters to which the parties stipulate and/or which the court should know or consider: _____.

F.    The cases have not been consolidated for trial. It is JDT's position that the cases should be consolidated for trial and that the case will be ready for trial before the court by January, 2027. Daws does not agree that the cases should be consolidated for trial. It is Daws' position that in light of the pending motions to dismiss and Eighth Circuit appeal, when any of the cases will be ready for trial is not currently ascertainable.

G.    JDT proposes the estimated length of a consolidated trial is 12 to 15 days. Daws proposes the length of trial will depend on which case it pertains to as the cases have not been consolidated for trial (and will oppose such consolidation).

## VII.    CONFERENCING WITH THE COURT:

A.    Initial Case Conference:

    ☒      At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

    ☐      All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties.

B.     Interim Status Conference:

    ☒      At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: <u>April 2026.</u>

    ☐      The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

**Reminder:**   **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices, including those provisions discussing discovery of Electronically Stored Information and Privileged Information**.


Dated: November 13, 2025**.**

| s/ Madeline C. Hasley | s/ Meghan M. Bothe |
|---|---|
| Andre R. Barry | Timothy J. Thalken |
| Henry L. Wiedrich | Meghan M. Bothe |
| Madeline C. Hasley | *Attorneys for Daws, Inc., James R.* |
| *Attorneys for Jim Daws Trucking, LLC,* | *Daws, Lana R. Daws, Daws Trucking,* |
| *Ricardo Fernandez, and Ricardo Daniel* | *Inc., Columbus Transportation &* |
| *Fernandez* | *Logistics, LLC, and J&L Enterprises,* |
| | *LLC* |

## CERTIFICATE OF SERVICE

    I hereby certify that on November 13, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


                    s/ <u>Madeline C. Hasley</u>

14